Nos. 7077. and 7079.

VALERY THIBODAUX vs. J. N. KELLER, AND HOWELL & KELLER vs. VALERY THIBODAUX. CONSOLIDATED.

The tax-sale of property which has been assessed, and sold as the property of one who is not the owner, conveys no title to the purchaser.

The tax-sale of property is fatally defective, if the assessment or the advertisement under which the sale is made, contains no description of the property sufficiently specific to clearly identify it.

The assessment stands in lieu of a judgment. It is the foundation of all which follows, and must contain an accurate and sufficient description of the property, as required by the statute.

The want of such description in either the assessment, the advertisement for sale, or in the tax-title is fatal to such title.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train*, J.

*James E. Mouton* and *Louis J. Gary*, for plaintiff and appellee.

*Felix Voorhies* and *Martin Voorhies*, for appellants.

The opinion of the court was delivered by

EGAN, J. The motion to dismiss the appeal is too general in terms, except as to the matter of time of taking appeal, in which we see no error. Neither does there appear to be error in making the appeal returnable to the June term, 1877, instead of 1876. The order was granted on the fifth of June, 1876, and the judge *a quo* expressly states that there was not sufficient time to bring up the appeal to the term beginning on the first Monday of the same month. We think he did not err, and that there do not appear any such irregularities as would authorize dismissal of appeal. The appellee has not named them, and we do not perceive them. The motion is overruled.

Case 7077 is an injunction suit brought by Thibodaux, claiming to be the purchaser at tax-sale of a certain steam-mill, etc., to prevent their removal by the defendants and appropriation to their own use, " because he has been apprised that defendants have expressed their intention to remove the mill, etc., and that they intend to put up the machinery,

mill, and buildings in the parish of Iberville." He further prays to be decreed the owner of the property.

The defendants moved to dissolve the injunction on several grounds, of which it is only necessary to notice the substantial statement that the allegations of the petition are insufficient to warrant injunction; that there are no facts or acts alleged as the grounds. of injunction, nor any acts alleged to be done or about to be done by defendants, but only that the plaintiff has been apprised that they have declared their intention to remove; and the plaintiff does not even allege that he fears and believes that they will attempt or carry out that expressed intention, or that they are about to do so, and for aught the allegations of the petition disclose they might never do so. We do not think these allegations sufficient.

The injunction must be dissolved with one hundred dollars damages as counsel fees against the plaintiff and his surety on bond for injunction, Jean Baptiste Arnas Guidry, *in solido.* The demand to be declared owner of the property by virtue of the alleged purchase at tax-sale will be considered in conjunction with suit 7079, with which suit 7077 was consolidated, and which involves that title also.

Suit 7079 was instituted by Joseph M. Howell and François Nicholas Keller, composing the commercial firm of Keller & Co., domiciliated in the city of New Orleans, to annul and set aside and to have declared null and void the alleged tax-sale to Thibodaux of the steam-mill, buildings, fixtures, etc., in controversy, also to recover possession, of· which it is alleged they were illegally deprived, to quiet plaintiffs' title to the property, and for one thousand dollars damages for the illegal acts of defendant, Thibodaux, and the privation of the use and enjoyment of their property.

Of the grounds of objection to the tax-sale it is only necessary to notice these: First—That the property seized and sold for taxes belonged to Keller & Co., and not to J. N. Keller, in whose name it was assessed and as whose property it was sold. It is immaterial to consider whether J. N. Keller and François Nicholas Keller or F. N. Keller are the one and the same, or whether, if the property belonged to F. N. Keller, the assessment in the name of.J. N. Keller would suffice. It is both alleged and proved that the property in question belonged not to F. N. Keller or J. N. Keller, but the firm of Keller & Co., of which the plaintiff, Howell, was a member, and which, by all authority, was and is perfectly distinct from either or both the individuals composing it. As the assessment stands in lieu of a judgment, and as, if there be no assessment or judgment against the true owner, there can be no valid sale, this alone would be sufficient to avoid the alleged tax-sale to the defendant, Thibodaux. There are, however, two other objections to the validity of the

tax-sale, each of which is fatal. The first is the want of an accurate or sufficient assessment or description of the property. The only description is as follows:

"State of Louisiana, parish of St. Martin; assessor's list of taxable property of Mr. J. N. Keller; 'description of real estate:' Real estate and machinery of a saw-mill, $3000."

The location of the real estate or of the saw-mill or machinery is in no manner given, nor is there in the assessment any clue or guide by which it can be ascertained or made certain. There is no date, no description, no boundaries, no location. Such an assessment is no compliance with the requirements of the law, even if made in the name of the true owner. An illegal or insufficient assessment is a radical defect. 15 An. 15; 14 An. 709. Judge Cooley says "assessment is the foundation of all which follows it;" and in making it the provisions of the statute under which it has been made must be followed. This has not been done in the case at bar.

The advertisement of the tax-sale is equally defective and bad for uncertainty. The property is only described as "buildings, saw-mill, and machinery, assessed in the name of J. N. Keller." From this description alone who could tell what was sold and what was bought or offered for sale? How could successful or remunerative bidding be induced by such description or such offering? That it was not is evident from the fact that property proved to have been worth at least three thousand dollars, and estimated by some of the witnesses at over four thousand dollars, was bid in by the defendant, Thibodaux, and adjudicated to him by the tax-collector at the sum and price of $144 16⅝.

The same defects and uncertainty of description pervade the tax-titles, both of the collector and Auditor, issued to Thibodaux, in which the description of the property conveyed is, if possible, even more defective than in the assessment and advertisement.

This would seem to be commentary enough upon the manner in which the property of citizens has been wrenched from them under the forms of law. It may be well to remark that the land upon which the mill-buildings and machinery in this case were situated did not belong to Keller & Co., or to any member of that firm, but was leased from one Sosthene Leonard at the price of one thousand dollars per annum. They were not real estate at all, nor attached to the realty so as to be immovable, but were personal property; so that here was an additional ground of objection to and even in the assessment. It appears also from the evidence that Thibodaux was in possession of the mill and other property in question under lease at the date of the tax-sale, and availed himself of that circumstance to retain possession under his pretended tax-sale in anticipation of the lapse of the time for redemption

within which he was not entitled to be put in possession, as his title, even if the proceedings were regular, was only inchoate.

As to the damages other than those allowed as attorney's fees on dissolution of injunction in case 7077, the evidence is not sufficiently full or specific to enable us to award them at this time or in this suit.

It is therefore ordered, adjudged, and decreed that the judgment of the court below in these consolidated cases be annulled, avoided, and reversed; that the injunction sued out by Valery Thibodaux in case 7077 be dissolved, with one hundred dollars damages against himself and his surety on injunction bond *in solido* as attorney's fees for dissolution and trial of injunction in that case; that the demands of said Thibodaux in said suit 7077 be disallowed and rejected; and that plaintiffs in suit 7079, to wit: Joseph M. Howell and François Nicholas Keller, composing the firm of Keller & Co., do have and recover judgment decreeing them to be the owners and entitled to recover and be put in possession of the steam-mill, engine, fixtures, buildings, and other appliances and property attached to and used therewith, sued for in said suit 7079 of the docket of the district court of St. Martin, with the right hereafter to establish and recover any and all damages suffered and caused by the acts and fault of the defendant, Thibodaux, in the premises, by reason of his possession, removal, or appropriation to his own uses and purposes of the said mill, machinery, etc., and any deterioration of value or loss resulting therefrom; and that the alleged tax-sale and title, both from the tax-collector, and the Auditor, set up by him, be annulled and set aside. It is further ordered that said Thibodaux pay the costs of both courts.