| 30 | 175 |
|----|-----|
| 116 | 569 |

No. 6605.

LOUIS FIX vs. SUCCESSION OF MRS. W. H. DIERKER.

In a possessory action the plaintiff's title to the property in contest is put at issue, and therefore its validity may be judicially inquired into.

A tax-sale of property, sold under an assessment made in the name of a deceased person to whom the property had not actually belonged, and without any notice served on any person in interest, is utterly without effect; and no judgment subsequently rendered on monition, can impart any validity to the title passed by such a sale.

So much of the price, paid by a purchaser of property at a void tax-sale, as was really due on the property for taxes, he is entitled to be refunded.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*Louque & Fernandez* and *T. A. Flanagan* for plaintiff and appellant.
*W. O. Denegre* for defendant.

The opinion of the court was delivered by

DEBLANC, J. Plaintiff alleges that, on the 23d of October, 1875, he acquired, at a tax-sale, two lots of ground situated in the city of New Orleans, assessed in the name of Henry Dierker, and sold for the taxes thereon due in 1873. Those lots, which—together—had been assessed at from nine to thirteen thousand dollars, were purchased by plaintiff for less than five hundred.

Whose property was thus sold? Was it the property of Henry Dierker? It was not; it was that of his widow and children, a portion of which was acquired from plaintiff himself, by Mrs. Dierker, after the death of her husband, and for five thousand dollars. As to that portion, Fix knew that the lot seized as belonging to the husband, was and had not ceased to be the property of the wife.

The sales from the collector to Fix were confirmed by the Auditor. Relying on those deeds, and on a judgment rendered on a monition published by him, and by which those sales were homologated, he filed—in the Second District Court—a petition in which he prayed to be placed in possession of the property so acquired by him. He died, and Mrs. Fix is now prosecuting—in her own name and as tutrix of her children, the suit commenced by her husband.

She contends that her action is but a possessory action, and that defendant can not inquire into the validity of the title acquired by Louis Fix. This, evidently, is a mistake, and why? Because, to succeed in her application, the first condition imposed upon her by the law which she invokes, is " that she shall present her title to either the parish or the district court.

In this case, what are the facts? Henry Dierker died on the third of March, 1870. His property, if any he had, passed to his legal representatives. His wife died after him, and the two lots purchased by plaintiff were inventoried as her property. She bought one of those lots from plaintiff, and built on both at a cost of ten thousand dollars.

Though it does not appear that, at any time, Henry Dierker owned any portion of that property—though it appears that, from March, 1870, whatever he may have owned descended to his children, those lots were, in 1872, assessed in his name, and—thereafter—twice sold by the same collector and for the same tax. A son of Dierker wanted to pay the taxes and advised his mother to pay them. No—said Fix—let them sell the property.' I will buy and return it to you. It was sold, he bought and refused to either return it, or allow the widow and son of Dierker to redeem it.

Two sales of that property were made by the tax-collector. According to his declaration, he annulled the first. Previous to the first of said sales, on the 22d of January, 1875, his clerk prepared a notice, addressed to Henry Dierker, who died about five years before, calling for the payment of the tax alleged to be due by him, another notice, one of seizure, addressed as the other to one who had ceased to exist, was also prepared by said clerk, and—through him—the collector heard that both of said notices had been served on Mrs. Dierker. After the first sale and its cancellation, the property—if seized at all—was seized, advertised for sale and sold without notice to either the dead man, his widow or children.

In June last, we held at Opelousas, and we adhere to that decision, " that, as the assessment stands in lieu of a judgment, where there is no assessment or judgment against the true owner, there can be no valid sale. That such a defect is a radical one," and—as a matter of course—one which can not be cured by monition. *Ante* p. 509.

Of what plaintiff has paid, he should be re-imbursed what was justly due, but that, and perhaps more, has been offered to him, and that he has refused to accept. The property, the possession of which is now claimed from the public administrator, never was in that officer's possession, and to that property Fix had no title.

The facts and the law justify the judgment appealed from, and that judgment is affirmed with costs.