## No. 10,157.

### GEORGE W. KEARNS, CURATOR, VS. MRS. A. S. COLLINS.

A tax sale under an assessment for taxes of 1868, in the name of a deceased person to whom the property did not belong at the time, is without effect, and no judgment subsequently rendered on monition can impart any validity to such sale. The law in force then required the assessment to be made in the name of the actual owner.

Prescription by which tax sales may be validated, or which debar from action to avoid such sales, does not run against incapacitated persons.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

---

*James B. Guthrie* for Plaintiff and Appellee :

a) A sale by a constable, in parish of Jefferson, under a writ of *fi. fa.* over 90 days old, not returned within 30 days from its date, is null and void. R. S., Sec. 635 ; Graff vs. Moylan, 28 Ann. 75 ; Jacobshagen vs. Moylan, 26 Ann. 735.

(b) Sections 8 and 9 of Act 57 of 1867, providing summary proceedings for the collection of taxes, not being expressed in the title, are unconstitutional. Art. 118, Const. 1864 ; Succession of Irwin, 33 Ann. 69.

(c) Putting down the name of a fictitious person on the assessment roll, obtaining judgment against another non-entity (one who has been dead for thirteen years), is not an assessment of property, and a sale under such a judgment of property of an interdicted person, whose title has been duly registered for fourteen years previous to said proceedings, is an absolute nullity, which neither prescription or monition can cure. Hickman vs. Dawson, 35 Ann. 1087 ; Lague vs. Boagni, 32 Ann. 912 ; LeBlanc vs. Blodgett, 34 Ann. 108 ; Guidry vs. Broussard, 32 Ann. 925 ; Stafford vs. Twitchell, 33 Ann. 526 ; 28 Ann. 670, Dissenting Opinion, Justice Wiley. As to prescription not running against an interdict. Barrow vs. Wilson, 39 Ann. 409 : Same Case, 38 Ann. 209-216 : C. C. 3522 and 3554 ; Verlet vs. Berlanger, 6 Ann. 111. As to monition and its effects. Fix vs. Dierker, 30 Ann. 175 ; Roberts vs Zansler, 34 Ann. 205 ; Woolfalk vs. Fonbene, 15 Ann. 15 Dodman vs. Barrow, 10 Ann. 193 ; Kent vs. Leonard, 38 Ann. 809.

(d) One evicted from property has only a personal action and not a real action for reimbursement of taxes actually paid out by him. 2 La. 92 ; and has no right of action for taxes paid by former occupants between whom and said evicted party there is no privity.

*George L. Bright* for Defendant and Appellant.

No syllabus ; but cited the following authorities : Acts of 1867, Sec. 9, p. 115 ; Carter, Congreve et al. vs. City of New Orleans, 33 Ann. 816 ; Brown vs. Learned, 38 Ann. 870 ; City of New Orleans vs. Ferguson, 28 Ann. 240 ; City vs. Stewart, 28 Ann. 180 ; Lewell vs. Watson, 31 Ann. 591 ; Roberts vs. Zansler, 34 Ann. 208 ; R. S., Sec. 2376, 2379 ; Act 105 of 1874, Sec. 5 ; Art. C. C. 3543 ; McMillen vs. Anderson, 95 U. S. Rep. 40.

---

The opinion of the Court was delivered by
BERMUDEZ, C. J. This is a petitory action.

The plaintiff, as curator of the widow of Joseph Allen, interdicted in January, 1867, claims the ownership of certain real estate, once situated in Jefferson City and now in New Orleans. He alleges that it was donated to her by her husband in 1856, anterior to their marriage,

the act being recorded the next day. He avers that the property has never been alienated by her, and is in possession of the defendant, who pretends to be the owner of it.

The defence is that the defendant purchased the property in 1884, at the probate sale of her husband's estate, and that he had a valid title to it, for having acquired it, in 1872, from Caulkins, who had bought it at a tax sale made in May, 1870.

In support of her title, the defendant urges that the sale was made in the manner directed by the charter of Jefferson City, to enforce the payment of taxes; that the sale was validated by Act No. 101 of 1873; that the assessment made in the name of Ann May was legal; that, if it was informal, the irregularity was cured by a monition duly homologated; that the action is barred by the prescription of ten, five, three and two years; that should the plaintiff recover, the defendant is entitled to the reimbursement of taxes paid since on the property.

From a judgment in favor of plaintiff and allowing a fraction only of the taxes claimed, defendant appeals.

The record shows that Joseph Allen, who had purchased the property from Kohn, in 1849, donated it to Ann Hewitt May, in 1851, previous to their marriage, under the condition that, should either die without issue of their marriage, the survivor would own the property. The act of donation was properly and duly recorded in the conveyance office, of the parish of Jefferson, shortly after its execution, and the parties married.

In May, 1855, Ann H, May, wife of Joseph Allen, departed this life. Her succession was opened, and on proof that she had died leaving no issue of marriage (with her husband), he was recognized as the owner of the property and was put in possession.

In November, 1856, Joseph Allen, being about to marry Widow Charzotte, born Clarie, donated to her the property in dispute with the stipulation that, were she to die without issue of their marriage, the property would revert to him. The act of donation was recorded in the conveyance book of the recorder's office, of Jefferson parish, in November, 1856, and the parties married.

In May, 1860, Joseph Allen died without issue. In January, 1867, his widow was interdicted and placed in an insane institution, and the plaintiff was appointed her curator.

It appears that the lot in question was not assessed in the name of Ann H. May until a year after her death, and the assessment for the taxes of 1868 was made in the name of *Ann May*, and was changed only after the sale to Collins.

Kearns, Curator, vs. Collins.

The only matters to be considered, in order to determine the question of ownership, are:

1. Whether the assessment of the property for the taxes of 1868, in the name of Ann May, was such as could justify a divestiture by a sale to pay those taxes;

2. Whether defects in the assessment, or proceedings for the sale, were cured by prescription or monition; and,

3. Whether the action to recover is barred by time.

It is proper to recall that Ann H. May, afterwards Mrs. Allen, died in 1855; that the property then reverted to her husband and donor; that in 1856 title to it was made by him to Widow Charzotte, who next became his wife; that the act of donation was duly and seasonably recorded; that in 1867, the second Mrs. Allen, then a widow, was interdicted, and that when the property was assessed in 1868, in the name of *May*, the latter was dead and had no title to it; that the title of Widow Charzotte, to which it then belonged, had been on the public records, or archives, for some thirteen years.

The law in force at the time of the assessment, it is not denied, required real estate to be assessed in the *name* of its owner.

In a number of cases, tax sales have been annulled when the property had not been thus assessed, and had been sold to pay the taxes levied on it. This was done on the principle, well recognized and indisputable, that the validity of tax sales is to be tested under the laws in force at the time.

In Stafford's case, 33 Ann. 526, the Court held that when an assessment was void, the sale was a nullity.

This doctrine was followed in other cases reported in 32 Ann. 912, 925; 34 Ann. 108; 38 Ann. 400; 26 Ann. 730; 35 Ann. 1086; 30 Ann. 175; 28 Ann. 538. See authorities in opinions.

The ruling in Kent vs. Brown, 38 Ann. 802, cannot be invoked successfully. There exists no parity between the facts involved in the two cases, and the propositions of law are dissimilar. The decision stands on the exceptional circumstances of the case.

It is, therefore, apparent, as Ann H. May died in 1855 and her title then passed to Allen; as the title to the property made in 1856 by the latter in favor of Widow Charzotte was on the public records from 1856 and upwards, the assessment in 1868, in the name of Ann May, is illegal, and the sale of the property is an absolute nullity.

The various prescriptions pleaded cannot avail, as, previous to and

at the time of the sale, Widow Charzotte, next Widow Allen, was interdicted, and that such prescriptions do not run against incapacitated persons. Barrow vs. Wilson, 38 Ann. 209 ; *Ib.* 39 Ann. 409.

The homologation of the monition obtained with a view to cure defects in the tax sale proceedings, cannot avail the defendant where the irregularity is radical.

In Fix vs. Dierker, 30 Ann. 175, it was held that a tax sale under an assessment, in the name of a *deceased* person, to whom the property did not belong actually, is without effect, and no judgment subsequently rendered on monition, can impart any validity to such sale.

The Court adhered to the rule that, where there is no assessment or judgment against the true owner, there can be no valid divestiture. The defect is fundamental and is not curable by monition.

See, also, Woolfolk, 15 Ann. 15 ; Roberts, 34 Ann. 205 ; Dodman, 10 Ann. 193.

Neither can defendant find relief by invoking the late ruling of this Court in the matter of Orloff Lake praying, etc., for the plain reason, that the pretended sale, in the instant case, was made in 1870, and the law on which the ruling was based was passed in 1884, and refers only to sales made under its provisions.

Under the circumstances of this case, we therefore hold that the title made to Collins and his vendor is a nullity, and that the property claimed belongs to the interdicted, Widow Allen, represented herein by Kerns, her curator.

The only matter remaining for consideration is the claim for reimbursement for taxes which the defendant claims to have paid on the property.

There is no evidence to show that *she* paid *all* the taxes. The certainty, as the bills show on their faces, is that they were paid by her husband or his estate. Nothing establishes that she represents either of these, and that payment to her would discharge the debt.

The District Court, however, condemned the plaintiff to pay $77 52 for city and State taxes, proved to have been paid by the defendant. The allowance is proper.

Judgment affirmed.

Rehearing refused.