Johnson et al. vs. Martinez.

No. 11,878.

RUSHIAN JOHNSON ET AL. VS. JOSE P. MARTINEZ.

It is again held that adjudications for taxes accrued since the Constitution of 1879, pass no title without the notice given to the owner the Constitution exacts. Art. 210, Breaux vs. Negrotto, 43 An. 428; 44 An. 912; 46 An. 360, 418.

Nor will prescription of three or five years cure want of such notice. Act 1874, No. 105, Sec. 5; Civil Code, Art. 3453; R. S., Sec. 2809; Person vs. O'Neal, 32 An. 237; Breaux vs. Negrotto, 43 An. 428; 46 An. 356.

The plaintiff in the petitory action may, without a direct action, controvert the sufficiency of the tax title pleaded by defendant. Code of Practice, Art. 329; 3 La. 392; 11 An. 546; 47 An. 923.

Tax titles, under the Act No. 82 of 1884, as already held, require for their completion payment by the purchaser of the taxes of 1880 and later years. 42 An. 677; 47 An. 923.

APPEAL from the Civil District Court for the Parish of Orleans, Monroe, J.

*Benjamin W. Kernan* and *Kernan & Wall* for Plaintiffs, Appellees.

*C. H. Osterberger* for Defendant, Appellant.

*Harry L. Edwards* filed Brief on Application for a Rehearing.

Argued and submitted November 20, 1895.
Opinion handed down December 16, 1895.
Rehearing refused January 20, 1896.

The opinion of the court was delivered by

MILLER, J. The plaintiffs, heirs of Feriby Johnson, bring the petitory action for property acquired by her in 1846. The defendant claims under an adjudication to the State for taxes accrued since 1880, followed by a sale by the State to the author of defendant's asserted title. Defendant appeals from the judgment in plaintiffs' favor.

In the petitory action when the plaintiff exhibiting his title is met by that relied on by defendant, the plaintiff has the right to contest, by proof, the title thus opposed to him. There is no exception to

this rule because the defendant produces a tax title. It is *prima facie* proof, but is subject to any objection the plaintiffs' testimony may sustain. This, we think, answers the contention that the plaintiff con not controvert the tax title. Code cf Practice, 329; 2 Hennen Digest, p. 1155, No. 1.

Under assessment against F. Johnson for the taxes of 1880 to 1883, the propsrty was adjudicated to the State in 1885; sold by the State to L. H. Fernandez, and from his widow passed to the defendant, whose title thus depends on the adjudications to the State.

It is urged by the plaintiff that the assessments on which the adjudications were based were of no effect, because if F. Johnson can not be deemed to mean Feriby Johnson, she had been dead for years, and that the adjudications were without notice to the owners, her heirs. Tax sales for taxes accrued since the Constitution of 1879 must be preceded with notice to the owner or no title passes. The defence on this ground is supported by proof and must prevail. Constitution of 1879, Art. 210; Breaux vs. Negrotto, Jr., 43 An. 428; Montgomery et als. vs. Land and Lumber Co. et al., 46 An. 409.

The defendant pleads the prescription of three years and five years. But it must be deemed settled that the prescription pleaded will not cure the want of notice required by the organic law. Barrow vs. Wilson, 39 An. 403; Breaux vs. Negrotto, Jr., 43 An. 428; Parish of Concordia vs. Bertron, 46 An. 356.

To repel the plaintiffs' demand the defendant put in evidence a tax title to Elizabeth Hartwell of the property in controversy made under the Act No. 82 of 1884. In the petitory action it is admissible for defendant to prove any divestiture of plaintiffs' title. But this proof fails in this case, for the Hartwell title it is plain was never completed; that completion being dependent on the payment by the purchaser under the act of 1884 of the taxes of 1880 and subsequent years, and it appearing the State received no such payment, but undertook to realize these taxes by the adjudication of 1885. Act No. 82 of 1884; State *ex rel.* Martinez vs. Tax Collectors and City, 42 An. 677; Remick vs. Lang, 47 An. 923.

The plaintiffs have maintained their title against the tax titles and prescription pleaded by defendant.

It it therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.

On the second branch of this case BREAUX, J., dissents for reasons stated by him in the case of Remick vs. Lang, 47 An. 914.