No. 13,631.

STATE *ex rel.* WALTER GUION, ATTORNEY GENERAL, VS. JOHN ST. PAUL, JUDGE.

## SYLLABUS.

The writ of *mandamus* applied for is not made peremptory to the extent of requiring the District Judge to grant an absolute and peremptory writ of injunction, *ex parte.*

The writ of *mandamus* is granted to this extent: The judge of the District Court is to issue an order *nisi* and decide questions involved, after having heard the parties contradictorily with one another, and after having heard the admissible evidence which they may see proper to offer.

ON APPLICATION for Writ of *Mandamus.*

*Walter Guion,* Attorney General, relator, *pro se* (*E. Howard Mc-Caleb* of Counsel).

*Denegre, Blair & Denegre* (*Victor Leovy* of Counsel) for Respondent Judge.

The opinion of the court was delivered by

BREAUX, J. The purpose of relator's application for a writ of *mandamus* is to compel the respondent judge to grant an order of injunction on the petition of the Attorney General, who appears for, and in behalf of, the State of Louisiana.

The Attorney General sets out that the Morgan's Louisiana Railroad and Steamship Company has been carrying on a large, extensive, and profitable warehouse business for some time, to the detriment of relators and to the injury of the public warehousemen, with whom this company, with its warehouse business, comes in competition. In substance, relator further charges that this railroad company is only the *alter ego* of the Southern Pacific Company, against which a judgment has been pronounced condemning it to close its warehouse business, as is fully stated in State vs. Southern Pacific Co., 52 Ann. 1822.

Relator further avers, that the injunction, if issued, will fully enforce the final decree rendered in the cited case.

The usual preliminary order was issued by this court calling on

respondent to show cause in answer to said writ of *mandamus* why the injunction should not issue, as applied for by the Attorney General. The respondent filed an answer in compliance with the said preliminary order, in which he states that an injunction should issue only in case it be found that relator is entitled to the writ 'after trial; that, without passing upon the Morgan Company's right under its charter, it appears to him, as the papers read, that the company has the right to carry on a warehouse business apart from its railroad business.

He also avers that the charge brought of an agreement between the two companies, under which the warehouse business is conducted by the Morgan Company for the Southern Pacific Company, is not sufficiently specific to authorize an injunction, and that even if it were more specifically brought, relator, at most, would only be entitled to a modified injunction prohibiting the Morgan Company from carrying on the warehouse business for the account of the Southern Pacific Company, and that this is not the injunction for which the relator prays, Further answering, he avers that no demand was made to issue a rule *nisi.*

We find no difficulty in arriving at the conclusion that an absolute injunction can be issued, on the face of the papers, to compel one who is bound by a final judgment to respect its terms.

We are equally as well convinced that *mandamus* should go forth to the judge of the court to which an application for such a writ of injunction is presented, to compel him to issue it, in case of his refusal to grant the writ.

But this, in our opinion, is not the case before us for decision. It did not manifestly appear to the district judge, on the face of the papers, that *res judicata* concluded all the defenses of the Morgan Company. In his return, the respondent judge calls attention to the fact that the Morgan Company was not, *eo nomine,* a party to the original proceedings. The facts averred, among others, we find, are that the Morgan Company leased its railroad in Louisiana to the Southern Pacific Company for the term of ninety-nine years; that, after the petition of the State had been filed in this suit, the Southern Pacific Company abandoned the possession of its warehouses and surrendered that business to the Morgan Company. This abandonment was made after the suit of the State vs. Southern Pacific Railroad Company, cited above, had been filed.

The question is, whether the Morgan Company is bound by the decision in question (in the cited case) and whether it has the right, under its charter, to carry on a warehouse business. The effect of the said abandonment, among other issues, will have to be considered.

It may as well be stated here, as it has some bearing upon the issues, that relator sets out in his petition for an injunction two demands. The principal demand, as before stated, is that the Morgan Company is absolutely bound by the judgment to which we have before referred. The second demand is presented in the alternative: that the Morgan Company, in any event, is without authority to carry on the business of a public warehouseman as an independent and substantive business.

We deem it proper to state that the last or second demand is not to be taken up and decided, unless it be first decided that the former demand is untenable. It is manifest that the relator, as a careful and painstaking pleader, did not wish to let his case rest exclusively on the plea of res judicata. While the pleas remain distinct, and are to be considered as before stated, none the less, taking the proceedings as a whole, this alternative demand renders it more difficult to hold that the Morgan Company is absolutely bound by the judgment before cited, that is, bound to such an extent as to justify the issuance of an absolute writ of injunction on an ex parte application.

In so far as our learned brother of the District Court refused to issue an absolute injunction without giving the Morgan Company opportunity of being heard, we do not think that he erred. To this extent we agree with him.

At this point in the consideration of the case, another issue arises. There are cases in which the rights of the State are concerned, which should be considered and disposed of within a reasonable delay, and which should not be postponed, should the forms of law justify a hearing.

Courts have the authority to ascertain judicially, by the most direct mode, whether or not a final judgment is disregarded, and if it is disregarded, to so decide.

Relator, it is true, prayed for an absolute writ of injunction. But, this prayer, as we take it, includes both the absolute writ and an application for the writ nisi. Having properly refused the absolute writ, it still remained proper for him, the district judge, to grant a rule nisi.

We have noted:

Our learned brother of the district court states in his return, in substance, that if the Morgan Company is doing business for the account of the Southern Pacific Company, to that extent only it should be restrained and enjoined; but that he did not choose to enjoin it to that extent for the reason that relator's petition was not directed to a partial violation of the Supreme Court's decree; that the general terms of the allegations for the injunction did not embrace, as one of the complaints, the specific violation just stated. We are unable to agree with this view. The greater includes the less, and the general violation charged may be so reduced, after examination of the issues, as to include only this asserted partial violation which justified at least a modified injunction as relates to this point, even though relator urged some relief in the demand that plaintiff (relator here) in the application is not entitled to. Weil & Co. vs. Kent, 52 Ann. 2148.

The extent also to which the charter forms a part of the issues may be considered on a trial of the rule, also the scope and effect of the decree in the case cited *supra*. (State vs. Southern Pacific Co.)

True, the discretion of the District Court in granting or withholding injunctions should remain unimpaired; but it does not follow in this case that the grounds for its action in not having issued a rule *nisi* may not be inquired into, and if, in the view of the appellate tribunal, it be erroneous, reversed. The discretion of the lower court is no longer an issue when it does not grant a rule *nisi,* because of some erroneous construction of a question of law or practice.

In a case recently decided by this court, it was held that it was proper in some cases to issue a rule *nisi* on an application for an absolute injunction on an *ex parte* showing. Evidence was to be admitted on the trial of the rule to the extent necessary for the determination of the question involved. While this right was to be sparingly used and the latitude restrained, yet it was decided that some evidence was to be admitted. State *ex rel.* Lafitte vs. Judge, 51 Ann. 1768. The same rule has application to the case in hand.

For these reasons, we do not grant the application of the relator for an *ex parte* absolute injunction on the face of the papers

We, none the less, remand the application for an injunction to the District Court, and direct that court to recall its refusal of the writ, and direct it further to pass upon and decide the application for an injunction upon a rule *nisi* which it shall cause to issue.