### No. 14,275.

## L. A. SCOTT ET AL. VS. ROBERT H. AND AGNES M. PARRY.

#### SYLLABUS.

1. To constitute a valid adjudication of property at tax sale, there must have been an assessment sufficiently accurate, as to description, to identify it.
2. The prescription of three years given by the Act of 1874 must have for its basis the *actual* possession of the tax purchaser.

3.   The vice in a tax sale arising from an assessment of property by a description
     which does not identify, is more than informality, and the prescription of five
     years is inapplicable.

A PPEAL from the First Judicial District, Parish of Caddo--
Land, J.

*Thomas Fletcher Bell,* for Plaintiff, Appellee.

*Wells & Wells,* for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J.   This is an action to annul a tax sale of land, which took place in August 1891.

Several grounds of nullity are set up.   It is necessary to notice only one of these.

The land in question was assessed as "one hundred and sixty-two acres, being north fractional section two, township 15 N., range 13 west."   It was advertised by that description and the deed executed by the tax collector to the tax purchaser so describes it.

The assessment was made to the heirs of J. B. Gilmer.   But the true description of the property owned by the heirs of J. B. Gilmer was the north fractional *half* of section two, township fifteen north, range thirteen west.

"North fractional section two" is not the same thing as "north fractional *half* of section two."   The word *"half"* cannot be supplied. It would be just as reasonable to supply the word "third," or "quarter," or "fifth."

Without it, "north fractional section two" means nothing unless it means the whole of fractional section two—the word "north" being superfluous.

We make out from the scanty documentary evidence offered, unaccompanied by explanation or map, that J. B. Gilmer entered from the Government fractional section 2, T. 15, R. 13, containing 162.88 acres, but there then follows, as part of the same record evidence, certain other descriptions of lots and lands in the same fractional section, aggregating 195.24 acres.   Whether they were, too, entered by Gilmer we are not apprised.   But we take the document offered as showing other lands than the 162.88 acres in the fractional section.

Other persons may, therefore, own the land in the fractional section south of the line which bounds on the south the north half of the fractional section.

Again, 162 acres in that fractional section were assessed. If the whole of the section is included in the description contained on the tax roll in the assessment made against the heirs of Gilmer, in what part of it are we to locate the particular 162 acres, which is the subject of this controversy?

We are constrained to hold that the description of the property is too vague and indefinite to operate a conveyance of title, or to serve as a basis of a valid tax title. Gibson vs. Hitchcock, 37 La. Ann. 214; Augusti vs. Heirs of Lawless, 45 La. Ann. 1370; 47 La. Ann. 1294.

"When," said the court in Wilson vs. Marshall, 10 La. Ann. 329, "the power of government is interposed to divest private titles to real estate, it is necessary, under pain of nullity, that the estate sought to be divested *should be so described that it may be identified.*"

An assessment is invalid unless it give such a description of the lands that the parts of the government subdivisions belonging to the tax debtor may be ascertained and separated from the parts of the same subdivision belonging to other persons. Persons vs. O'Neil, 32 La. Ann. 228.

Defendants pleaded the prescription of three years against the action to annul the tax title, but it is the prescription declared in Act No. 105 of 1874—not that given in Art. 233 of the Constitution of 1898, for this suit was filed within three years of the adoption of the Constitution of 1898.

To support the plea of prescription of three years under the Statute of 1874, the tax purchaser must show actual possession of the property for three years prior to the suit to annul. Barrow vs. Wilson, 39 La. Ann. 409; Breaux vs. Negrotto, 43 La. Ann. 426; Russell vs. Lang, 50 La. Ann. 38; Hanson vs. Civil Sheriff, 52 La. Ann. 1568.

The burden is on him to establish the basis of the prescription.

Here, defendants did not show actual possession by them of the land for three years. They offered no evidence at all on the question of possession.

It is true, there is in plaintiffs' original petition the averment that Agnes M. Parry "is in possession of said land under a deed from her father Robert Parry and refuses to surrender the possession to petitioners."

This was an admission that one of the defendants was in possession of the land at and prior to the institution of the suit, but it was not an admission, and did not dispense with proof, that defendants were or had been in possession, prior to the suit, *for a length of time* sufficient to predicate the prescription of three years upon.

Defendants also pleaded the prescription of five years as against all informalities affecting the tax sale. This prescription is inapplicable. The vice in a tax sale arising from an assessment of property for taxation by a description which does not identify, is more than an informality. Person vs. O'Neil, 32 La. Ann. 228; Millaudon vs. Gallaher, 104 La. 713; Hanson vs. Civil Sheriff, 52 La. Ann. 1569.

It is ordered that the judgment appealed from be affirmed.