## COOK v. MORGAN.
### No. 4220.

Court of Appeal of Louisiana, Second Circuit, Second Division.

June 11, 1932.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

L. A. Newsom, of Shreveport, for appellee.

STEPHENS, J.

This suit began as an action in jacitation, and was developed by supplemental petition into an action in jacitation coupled with an action to annul a tax sale and a judgment in a monition proceeding.

In the original answer, the defendant treated the suit simply as an action in nullity of the tax sale and judgment; but by supplemental answer on the day of trial he set up the instruments attacked as a muniment of title, and prayed for recognition thereof;, and by thus asserting title became plaintiff in a converted action.

However, the suit was treated in the lower court by all concerned as simply a suit to annul a tax sale and a judgment in a monition proceeding purporting to quiet the title resulting from the sale, and we shall so treat it here.

The facts in the case, which are undisputed, are as follows: In 1919, C. C. Cook, the husband of the plaintiff, purchased the rear half of lot 1 of the Hunsicker subdivision of T. A. L. 28 of the city of Shreveport, with improvements thereon, and remained in the actual possession of the property until his death, which occurred in April, 1930. His wife, Ourelle Cook, and his two children, Cornelius C. Cook and Clarence Cook, were duly placed in possession of all of his property, by a judgment of the First judicial district court, and took possession of the property above described and continued and were in the actual possession thereof at the time of the trial of the case.

The property was sold in 1923 to J. G. Trimble for the city taxes for 1922; and was again sold to J. G. Trimble in 1924 for the state and parish taxes for 1923. On October 1, 1925, C. C. Cook redeemed the property, and it was reconveyed to him by the heirs of J. G. Trimble, but the assessment on the tax rolls for 1925 was continued in the name of J. G. Trimble estate.

On June 26, 1926, a one-half interest in the property was sold to the defendant, W. M. Morgan, for the taxes for 1925. On January 17, 1931, W. M. Morgan obtained a judgment of monition confirming the tax sale.

This suit was brought by the widow of C. C. Cook in her individual capacity and as tutrix for her minor child, Clarence Cook, and by M. K. Smith, trustee, the assignee of Cornelius C. Cook, to annul the tax sale to Morgan on the ground that no notice of delinquency was given C. C. Cook, the record owner; and to annul the judgment of monition on the ground that the tax debtors had remained continuously in the actual possession of the property sold throughout the whole proceeding and do so remain to the present time.

In answer, the defendant asserted the validity of the sale and judgment; but, in the alternative, averred that, if the court should annul the same, he would be entitled to recover the purchase price of the tax sale and taxes paid subsequently thereto, which sum aggregated $151.35, and interest thereon at 10 per cent. per annum from date of each payment until paid.

A trial of the case resulted in a judgment in favor of the plaintiff, annulling the tax sale and the judgment of monition; and in favor of the defendant on his alternative reconventional demand as prayed for, except that the rate of interest was fixed at 5 per cent. per annum on each payment from date thereof, instead of 10 per cent. per annum.

The defendant prosecutes this appeal.

■ At the time of the mailing of the notice of delinquency, upon which the tax sale attacked was predicated, the property was assessed to J. G. Trimble estate. The tax rolls bear the notation, "Notice mailed April 21, 1926." The record owner of the property on that date was C. C. Cook. There is a recital in the tax deed to Morgan that the property sold was assessed to J. G. Trimble estate; and there is no evidence in the transcript that notice of delinquency was given to or received by Cook. In the absence of evidence as to whom the notice was given, the reasonable and fair presumption is that it was given to the J. G. Trimble estate, in which name the tax proceedings were conducted and in which name the sale was made. Ryals v. Todd, 165 La. 952, 116 So.

395; Kivlen v. Horvath, 163 La. 901, 113 So. 140.

■ Relying on that presumption, we must conclude that the notice of delinquency was given the estate assessed, and not C. C. Cook, the record owner of the property at the time of giving notice; and, as such notice so given was not in compliance with the Constitution of 1921, article 10, § 11, it was ineffectual, and the resulting tax sale founded on the notice was a nullity. Recker et al. v. Dupuy et al., 161 La. 392, 108 So. 782, and cases cited supra.

■ The remaining question is whether the null tax title was cured and perfected by the monition proceeding which culminated in a judgment of date January 17, 1931, purporting to confirm it.

Section 3 of Act No. 101 of 1898, as amended by Act No. 144 of 1928, provides that tax titles which have been quieted by the prescription of three years, as defined by the Constitution of the state, may be confirmed by monition proceedings as provided by law relative to sheriff sales.

It is not contended here by the defendant that the tax title under consideration was quieted by the prescription of three years; but, to the contrary, it is conceded that the evidence is conclusive that the tax debtor, his heirs or assigns, remained, and still remain in possession of the property, and that under those conditions the current of prescription is suspended.

Therefore, it is seen that the fundamental fact which must be established and upon which the monition proceeding must rest, was not present when the judgment of monition was rendered. If the tax debtor continues in the actual possession of the property sold at tax sale, the possession is a continuous assertion of his title and protest against the sale; the pre-emption does not accrue and the tax title cannot be perfected. Levenberg v. Shanks, 165 La. 419, 115 So. 641; Williams v. Raymond, 163 La. 764, 112 So. 713.

The judgment of monition, however, we think, is null, void, and without effect for another reason.

■ It has been frequently held that notice of delinquency and of intention to sell is jurisdictional in its nature, and might be assimilated to a citation in a suit to obtain judgment; and that a tax sale made without such notice, given as required by the organic law of the state, is so radically and fundamentally defective that it cannot be validated, cured, or perfected by monition proceedings. Recker v. Dupuy, 161 La. 392, 108 So. 782; McCrory v. Bradford, 130 La. 212, 57 So. 892 and cases therein cited; In re Interstate Land Co., 118 La. 587, 43 So. 173; Jones v. Curran, 156 La. 1055, 101 So. 415;

Land Co. v. Sholars, 105 La. 357, 29 So. 908; Johnson v. Martinez, 48 La. Ann. 52, 18 So. 909; Thibodaux v. Keller, 29 La. Ann. 508; Fix v. Dierker, 30 La. Ann. 175; Kearns v. Collins, 40 La. Ann. 453, 4 So. 498; Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819.

■ The defendant urges the judgment of monition as res judicata and a bar to this proceeding. The position is not well taken, as a judgment sought to be voided by a timely action in nullity cannot be set up as res judicata against such action.

■ ■ The judgment appealed from is amended so as to increase the rate of interest allowed the defendant on the amount recovered in reconvention from 5 per cent. per annum to 10 per cent. per annum. Article 10, § 11, Constitution. The judgment annulling the tax sale, and judgment of monition, is amended so as not to become effective until the judgment in reconvention is paid. As thus amended, the judgment appealed from is affirmed; the costs of the lower court to be borne by the defendant, and the costs of appeal by the plaintiffs.