BRUNOT, Justice.
 

 This is a suit to annul a tax sale of property that was adjudicated to the Cottonport Bank, and to annul á sale thereof by the Cottonport Bank to Dr. Sambola J. Couvillon, the other defendant.
 

 Three parcels of land are involved in the suit, one of 51% acres and another of 20 acres, situated in the sixth ward of Avoyelles parish, and one of 11 acres in the corporation of Morcauville in said parish. The property was sold on June 11, 1927, for the nonpayment of the taxes due thereon for the previous year. The plaintiff omitted to include the 11 acres in Moreauville in its original petition, but this omission was cured by the filing of a supplemental petition. The grounds for the annulment of the sales to the Cottonport Bank and to Dr. Couvillon are set out in plaintiff’s original petition as follows:
 

 First. Want of notice to the delinquent tax debtor.
 

 Second. Illegal advertisement, because of insufficient description of the property.
 

 Third. No notice to mortgage creditors as required by section 63 of Act No. 85 of 1888.
 

 Fourth. Payment of taxes on property sold, to the tax collector, five days after the tax sale but before the signing of the tax deeds.
 

 In a second supplemental petition, the plaintiff pleads that the tax deeds, as drawn, do not comply with the legal requirements to be observed in the confection of such deeds; that if the property was advertised for sale for the nonpayment of taxes, it was not advertised in a legally qualified newspaper; and that the sheriff did not offer to sell the least portion of said properties for the taxes, interest, and costs thereon.
 

 Each defendant filed an exception of no cause of action to the original and amended petition, and each filed a motion to dismiss the first supplemental petition because it was filed more than three years after the recording of the tax deeá, and the action to set aside the tax sale of the 11 acres of land in
 
 *851
 
 the corporation of Moreauville was barred by prescription. The exceptions and motions to ■dismiss were referred to the merits. Answers were filed, in which the defendants deny that the property was not sufficiently described in the assessment and advertisement thereof. ' They rely upon the recorded deed of adjudication, and aver that the tax sale is valid and legal in all respects. They deny that the tax collector failed to notify the tax debtor. They deny that the tax debtor or any one else for him paid the taxes and obtained a receipt therefor on June 16, 1927, as alleged in plaintiffs petition. They aver that the Cottonport Bank acquired the property in good faith and by a legal and valid title; and that the tax debtor failed to redeem the property within the year following the recordation of the tax deed, although he was given full opportunity to do so.
 

 The case was tried on these issues and judgment was rendered thereon rejecting the plaintiffs demands and dismissing the suit at its cost. There was further judgment decreeing that both the tax sale to the Cotton-port Bank, and the sale by that bank to Dr. Sambola J. Couvillon were legal, valid, and effective.
 

 The plaintiff perfected a devolutive appeal from the judgment. Before the defendants answered the suit, the Citizens’ Bank of Avoyelles filed an intervention and third opposition therein, claiming priority, as a mortgagee of the property involved in the suit, and attacking the tax sale to the Cottonport Bank.' The defendants moved to dismiss the intervention and third opposition upon the ground that the mortgage to the intervener was executed long after the tax sale, and, therefore, that sale did not affect the intervener’s rights. The minutes do not show what disposition was made of this motion, and, inasmuch as there is no mention of the intervention elsewhere in the record, we assume that it was abandoned.
 

 The trial judge disposes of the plaintiff’s first ground for the annullment of the sales by finding that there is no proof in the record to sustain the contention that no notice was given to the tax debtor. After reading the record, we reached the same conclusion. The judge says:
 

 “Plaintiff alleges that the advertised description of the property and its assessed description are insufficient to identify the same or form the basis of an adjudication or tax sale thereof for taxes, * * * whatever defects existed, if any, were cured by the surrender of the property by the tax debtor.”
 

 We do not think a tax debtor, by surrendering the property, can defeat the right of a mortgagee to plead defects that would avoid and anmíl a tax sale. We think the 20 acres of land in the sixth ward of Avoyelles parish, and the 11 acres in the corporation of Moreauville are sufficiently described on the assessment rolls and in the sheriff’s advertisement of the sale of the delinquent tax debtor’s property, for the taxes due thereon, to identify said properties with reasonable certainty, but there is a woeful want of any description of the 51% acres involved in this suit. It was assessed, advertised, and sold as “51-% acres from Est of A. B. Coco.”
 

 It is contended that there was no notice to mortgage creditors as required by section 63 of Act No. 85 of 1888. Under the rule of statutory construction, that provision of
 
 *853
 
 the act was repealed by Act No. 170 of 1898. See State ex rel. Martin v. School Board, 126 La. 392, 52 So. 553.
 

 Before considering the remaining contentions of the plaintiff, we will repeat here what this court recently said in the case of Federal Land Bank of New Orleans v. Noah J. Scallan, 179 La. 636, 154 So. 632:
 

 “This is a deed of sale made by a tax collector, and recites that all the formalities required by law for making tax sales were complied with. Tax sales are valid only when made in compliance with the rules and regulations prescribed by law, and it is settled beyond controversy that those who hold property under tax deeds containing recitals that the property was thus sold may rely upon them as prima facie evidence of valid conveyances of the property to them.
 

 “The statute now in force regulating tax sales is Act No. 170 of 1898. The requirements for making such sales are set forth in the act with utmost detail. When a tax deed recites that the sale was made by virtue of and under Act No. 170, and that all of the formalities and requirements prescribed therein were complied with, such recitals must be accepted as prima facie evidence that the officer who made the sale did what the law required him to do.
 

 “These recitals, however, are only prima facie, not absolute, proof that the law was complied with. They are open to rebuttal. Hence tax titles are subject to attack within three years for informalities leading up to and in the making of the sales, such as failure to give notice, failure to advertise, failure to offer for sale the least portion of the property which any one would purchase for the amount of taxes, interest, costs, and penalties due, and the like. But such sales will not be set aside unless it is affirmatively shown that the recitals of the deed are untrue, and the burden is upon him who makes the attack to show that.
 

 “Regularity in the making of tax sales is always presumed. This is because ‘the law presumes that those things were. done which it commanded to be done.’ Hence it follows that tax sales, under deeds reciting full compliance with the law, must stand until overthrown.”
 

 The tax deeds show that the property was sold June 11, 1927, and that the taxes, penalties, and costs were paid by the tax purchaser. Therefore, the contention that the tax debtor, or some one for him, paid the taxes on June 16, 1927, avails nothing, until the legal presumption in favor of the regularity of the tax deeds and the correctness of the recitals contained in them are rebutted by competent and sufficient proof, which has not been done in this case. Levenberg v. Shanks, 165 La. 419, 115 So. 641.
 

 With respect to the remaining contentions of the plaintiff, we quote, with approval, from the trial judge’s reasons for judgment 'the following:
 

 “Now, we do not consider it necessary to go into the details and merits of the amended petitions and exceptions filed herein to properly decide this case. It is a proven fact that the tax debtor remained in possession of the property until March 30, 1929, and- prescription did not begin to run before that time. And the property was not redeemed by Coco within the redemption period,
 
 *855
 
 or, at'least, there is a total absence of proof, to that effect.
 

 “After the redemption period, the proof is that he did not resist the suit for possession, but, on the contrary, surrendered it and leased the property thereby, as we see it, acknowledging the tax deeds and waiving and giving up all rights in and to said property. * * *
 

 “The deeds sought to be annulled by plaintiff clearly state what was done; that the law applicable thereto, Act No. 170 of 1898, was strictly complied with, that the property was duly advertised in a newspaper published in the parish of Avoyelles weekly for the required period, after which, it was offered for sale, was bid in by the defendant Bank for the taxes of 1926, and adjudicated to said bidder for the amount due, all of which being evidenced by the said deeds.
 

 “But plaintiffs contend that the tax collector did not offer the least quantity of land for the taxes due, offering no proof to that effect beyond the bare allegations of his petition. ’ However, we find the clause in both of said deeds providing as follows: At which sale the Cottonport Bank being the least (last) bidder for the least quantity of land became the purchaser of the following described property, to-wit:
 

 “Consequently, if the purchaser became the adjudicatee of the least quantity of the property offered for sale, it necessarily follows that there was a preceding offer of the least quantity, and if such an offer was not made (and there is no proof that it was not) the fact remains, or the inference is, that the bid‘was based upon the least quantity, and, accordingly, the law was complied with.”
 

 From our careful consideration of the entire ’ record we fail to find any evidence which would warrant this court in reversing any part of the judgment appealed from except as to the 51% acres, the purported description of which is not sufficient to describe or otherwise identify this property. It may reasonably be presumed that the land is in Avoyelles parish, but we are of the opinion that the absence of any other indication of its location is fatal. As is well said in plaintiff’s brief:
 

 “It would be impossible for anyone to locate the property from the so-called description given in the tax deed. If it be assumed that the words ‘from Est. A. B. Coco’ mean that the property was acquired from that estate, the situation is not helped, because A. B. Coco owned a large amount of property in Avoyelles Parish, so that the property referred to in the tax deed may form any part of the Estate of A. B. Coco.”
 

 For the reasons stated, the judgment appealed from is avoided and reversed in so far as it rejects the plaintiff’s demand for the annullment of the tax sale of the 51% acres of land, and it is now decreed, that with respect to said land there be judgment in favor of the plaintiff and against the defendants, as prayed for in the.petition, and, as thus amended, the judgment, in all other respects, is affirmed. The costs of the appeal to be paid by the appellees.
 

 ST. PAUL, J., absent