YARRUT, Judge.
These appeals are by Plaintiff from a judgment dismissing both of her suits, which were consolidated for trial in the district court and here on appeal.
Plaintiff claims title to two separate tracts of land, and has filed in evidence, as the basis of her title (as more fully explained below), a tax deed for one tract of land, described as “a J4 arpent tract.”
Defendants-Appellees are the heirs of the tax debtor Jean Parquet, whose property was sold by the sheriff and ex-officio tax collector of St. Charles Parish for the unpaid taxes assessed and due fo.r the year 1931, the sale having been made to Plaintiff on February 4, 1933, under Act 170 of 1898 (as amended), LSA-R.S. 47:1901 et seq.
In suit No. 428 Plaintiff alleges she acquired by that sheriff’s deed (above recited) the property described as:
“A CERTAIN TRACT OF LAND, situated in St. Charles Parish, on the left bank of the Mississippi River, about 30 miles above the City of New Orleans, measuring ¿4 arpent front on said river, bounded above by the property of Jules Victor and below by the property of Paul Lewis, together with all rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining;
that Defendants are in possession without title, and prays they be ordered to deliver full and undisputed possession to her.
Defendants denied all of Plaintiff’s claims, except that they (Defendants) are in physical possession of the property.
In suit No. 427 Plaintiff alleges ownership of the property described as:
“A CERTAIN TRACT OF LAND, situated in the Parish of St. Charles, State of Louisiana, on the left bank of the Mississippi River, about 30' miles above the City of New Orleans, measuring one arpent front on said river by a depth to the 40 arpent line, bounded above by the property of Jules Laurent and below by the property of Mary Joseph, together with all rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining;”
which she alleges she acquired by the same sheriff’s tax sale and deed of February 4, 1933 (heretofore referred to), on which she lived, and enjoyed physical possession of, since her purchase; and prays for its confirmation under Art. X, Sec. 11, Constitution of 1921, LSA, and Act 277 of 1952, LSA-R.S. 47:2228.1; that, since Jean Parquet, tax debtor, died in 1920, his succession was opened, and his heirs put in possession of his estate. Plaintiff then prays they be cited to appear and answer, and for judgment quieting her title to both tracts.
The sheriff’s tax deed under which Plaintiff claims title to both tracts de *446 scribed above, was for one tract, under one assessment, described as:
“A tract J4 arpent front by 40 deep —house, 19 acres.”
Notwithstanding these two parcels were separately acquired by Jean Parquet (tax debtor) in separate deeds from different owners on October 2, 1880, and January 21, 1895, respectively, and are located more than-a mile apart, they were assessed and sold under the one description, as above quoted.
Defendants contend that the description in the tax deed to Plaintiff does not refer to, or reasonably identify, any of the two tracts owned by Jean Parquet (tax debt- or) ; that at the time Plaintiff acquired the property of Jean Parquet, January 28, 1933, she was the natural tutrix of her five minor children, living and residing with her on the same property; that these minor children were, and still are, the forced heirs of Jean Parquet, as their father, Joseph Parquet, Sr., died subsequent to the death of Jean Parquet and prior to the date of said tax sale; that, as natural tutrix of said minors, it was Plaintiff’s legal obligation to protect their interest in said land by paying the taxes due thereon, if any; that said purchase by Plaintiff, therefore, was actually a payment of the taxes for account of the children, as well as for the other co-owners and coheirs of Jean Parquet; and, in the alternative, if Plaintiff should be held to have acquired an interest in the tax sale, then Defendants aver that the statutory periods of redemption and peremption have not run in Plaintiff’s favor as Plaintiff’s children, together with most of the co-owners and co-heirs, continued to reside and live upon these tracts; which occupancy acted as a suspension of prescription; that even to this date, Defendants’ co-owner and coheir Dorothea Parquet continues to reside on the tract of land to which Plaintiff is claiming ownership; that approximately one year after the date of said tax sale, Defendant Jean Parquet, Jr. and some of the other co-heirs, went to the courthouse in Hahnville and consulted with the sheriff in order to clear the estate’s property from the effect of the tax sale to Plaintiff; that they had with them the necessary cash money to reimburse Plaintiff for the taxes which she had paid; that the sheriff contacted Plaintiff at that time to come over and redeem said property to the estate of Jean Parquet; that Plaintiff thereupon told the sheriff that she had simply protected the property by paying the taxes and that it was not necessary that she be reimbursed at that time.
Defendants filed a supplemental answer alleging that on February 4, 1933, the date of said tax sale, and during the year 1931, the year in which the taxes were allegedly delinquent, Jean Parquet, was deceased, having died intestate in the year 1920 in the Parish of St. Charles; that it was not until many years later that his succession was opened; that it was impossible for the tax collector for the Parish of St. Charles to serve the necessary notice of delinquency upon Jean Parquet because he was dead; further, that no notice of delinquency of the 1931 State and Parish taxes was ever served on any of the heirs of Jean Parquet prior to said tax sale; that the failure to serve said notice in accordance with the law renders said tax sale absolutely null and void.
Even though five years since registry of the tax sale have expired, the period of peremption, under Art. X, Sec. 11, Constitution of 1921, has not begun to run in favor of Plaintiff, because none of the co-owners have been dispossessed of the property. Possession by the tax debtor, his heirs or assigns, operates as an open, continuous, and notorious protest against the tax sale. Prampin v. Southern Chemical Works, La.App., 53 So.2d 210; DiGiovanni v. Cortinas, 216 La. 687, 44 So.2d 818; Westover Realty Co. v. State, 208 La. 163, 23 So.2d 33; Board of Com’rs. for Atchafalaya Basin Levee Dist. v. Sperling, 205 La. 494, 17 So.2d 720.
*447 Where a description in a tax sale is fatally defective, it cannot be made to include any land at all under its terms. Shelly v. Friedrichs, 117 La. 679, 42 So. 218; Thibodaux v. Keller, 29 La.Ann. 508; Scott v. Parry, 108 La. 11, 32 So. 188.
When the tax debtor owns several tracts of land in the parish the description in a tax title must sufficiently identify the particular tract sold or it is fatally defective. Federal Land Bank v. Cottonport Bank, 179 La. 848, 155 So. 246; Brock v. E. McIlhenny’s Son, 136 La. 903, 67 So. 951; Jackson v. Bernstein, La.App., 39 So.2d 120; Morris v. Hankins, 192 La. 504, 188 So. 155.
Plaintiff’s plea of ten years’ acquisitive prescription under the tax title must fall because she cannot show that her possession has been exclusive and that she has been in good faith. Further, her tax title must be clearly translative of a particular piece of property to which she claims prescription. LSA-R.C.C. Arts. 3478, 3483; Ribas v. Bennett, 5 La. 271; Mower v. Barrow, 16 La.App. 227, 133 So. 782; Morris v. Hankins, La.App., 185 So. 518; 192 La. 504, 188 So. 155.
It is interesting to note that the 1932, 1933 and 1934 assessment rolls reveal two separate assessments of the two tracts owned by Jean Parquet. The 1932 roll shows an assessment in the name of Jean Parquet, Entry Number 433, as follows: “Tract ¿4x40, arpents, agricultural A, 1200 etc. 14 acres, adjudicated to Clara Parquet in 1933.” Entry Number 434, which is a separate assessment, shows “Jean Parquet tract 19, 1x40, $1200.” Written in pencil across these words are “Double to 433 W.” Substantially the same thing is shown for the 1933 and 1934 assessment rolls. Counsel for Defendants objected to the offer of the pencil writing by someone across the assessment of the one arpent tract. Notwithstanding, it is clear that the assessor did separately assess the two independent tracts on the 1932, 1933 and 1934 rolls, but failed to do so on the 1931 roll.
As his reasons for dismissing both suits of Plaintiff, and after first fully describing in detail each tract involved, the trial court, inter alia, stated:
“A cursory comparison of the foregoing three facts makes it evident that they cannot be reconciled: The assessment of a tract 24 by 40 arpents could apply to either the tract described in 1 A above or to the tract described in 1 B above: The description of 54 arp. front by 40 deep as contained in the tax sale could apply to many portions of the tracts 1 A and 1 B, or for that matter to one of the several portions comprising the assessed 24 by 40 arpt. No extrinsic evidence was offered at the trial to sufficiently establish the identity of the alleged 54 arpt. front by 40 deep that was sold. In fact the evidence clouds the issue to a greater degree by establishing’that the Estate of Jean Parquet owned two non-contiguous tracts of land in this Parish in 1931 of which either could have been concerned by the assessment.
“And the demand of Plaintiff adds to the confusion: With a sale describing 54 arpt. front by 40 deep, plaintiff insists that she acquired title to the two non-contiguous tracts, each much larger than the property described in the tax sale.
“The assessment and the tax sale each contain no description sufficiently specific to clearly identify the property, and the assessment and the tax sale are fatally defective. Thibodaux v. Keller, 29 La.Ann. 508; Scott v. Parry, 108 La. 11, 32 So. 188.
“And when the tax debtor owns several tracts of land in the Parish the description in a tax title must sufficiently identify the particular tract sold or it is fatally defective. Federal Land Bank v. Cottonport Bank, 179 La. 848, *448 155 So. 246. Brock v. [E.] McIlhenny’s Son, 136 La. 901 [903], 67 So. 951; also Jackson v. Bernstein [La.App.], 39 So.2d 120; and Morris v. Hankins, 192 La. 504, 188 So. 155.
“Accordingly, the. court finds the assessment and the tax sale to be nullities.”
Approving and adopting the reasons of the district court as our own, the judgment of the district court is accordingly affirmed; Plaintiff to pay costs in both courts.
Affirmed.