HAWTHORNE, Justice.
 

 Defendant Jerome R. Butler has appealed from a judgment recognizing plaintiff Mansfield Hardwood Lumber Company to be the true and lawful owner of certain real property in DeSoto Parish and entitled to its full and undisturbed possession, and ordering the defendant -.to- deliver possession of the property to .plaintiff.
 
 [1]
 

 This is a petitory action in which plaintiff, seeks to be recognized .as owner and entitled to possession of the following
 
 *325
 
 described property: SEJ4 of SEJ4 and
 
 Ey2
 
 of
 
 W1/2
 
 and NW}4 of NEJ4 of Section 33, Township 11 North, Range 11 West, DeSoto Parish, Louisiana.
 

 By bringing a petitory action plaintiff of necessity admits the defendant’s possession of the property, and defendant’s title is not at issue until plaintiff has proven an apparently valid title in itself. Art. 44 La.Code Prac.; Mecom v. Graves, 148 La. 369, 86 So. 917; Simmons v. Carter, 186 La. 377, 172 So. 425; Simmons v. Jones, La.App., 68 So.2d 663.
 

 Plaintiff here is the record owner of the property and has an unbroken chain of title back to the United States government. In this chain of title there is a tax deed dated June 2, 1930, recorded on June 6, 1930, in Conveyance Book 92, Folio 380, of the records of DeSoto Parish. This deed is valid on its face, and the description therein covers a large tract of land of which the property in controversy is a part. The property described in the deed was sold by the sheriff and ex officio tax collector for non-payment of the 1929 state and parish taxes under an assessment made to Pecan Belt Land Company. The tax purchaser was W. A. Roach, one of plaintiff’s authors in title.
 

 Appellant primarily contends that this tax sale was null ab initio,
 
 [2]
 
 and that consequently appellee, having no valid title in itself, cannot prevail. Appellant, being without, a title of record to the property, also pleads the acquisitive prescription of 30 years.
 

 It will be observed that the property in controversy comprises six governmental quarter-quarter sections, of which Pecan Belt Land Company was the record owner in 1929. Appellant first argues that the tax sale here under attack is null and void as to the Ei^ of the WJ4 of Section 33_, Township 11 North, Range 11 West, comprising four of these quarter-quarter sections, because that land was not assessed for the year 1929. If he is correct in his contention, then his position is well taken as to this particular portion of the tract in contest, for the law is well settled that if a sale made by a tax collector purporting to be a sale for delinquent taxes is not preceded by an assessment of the property intended'to be'assessed, the sale is absolutely null; in fact, it is not really a tax sale and cannot be made valid by the constitutional peremption of five years found in Article 10, Section 11, of the Louisiana Constitution. Guillory v. Elms, 126 La. 560, 52 So. 767; Tillery v. Fuller, 190 La. 586, 182
 
 *327
 
 So. 683; Hollingsworth v. Schanland, 155 La.
 
 825, 99
 
 So. 613.
 

 There has been offered in evidence in this case a certified copy of the assessment roll for the Parish of DeSoto for the year 1929 with respect to the assessment of Pecan Belt Land Company. This document discloses that Pecan Belt Land Company was assessed as the owner of 9965 acres of land situated in Ward
 
 7
 
 of DeSoto Parish. The property is shown to have an assessed valuation of $99,650, and the 1929 taxes are shown as amounting to $2,443.39. On this document from the assessment roll a lengthy description of the property, principally by governmental subdivisions, is set out. Several pieces of the property owned by the tax debtor in Section 33 are enumerated, but the
 
 EY
 
 of the
 
 WY
 
 of the section is omitted. Because of this omission appellant contends that this particular portion of the property was not assessed, and that for this reason the tax sale as to this part of the land is a nullity.
 

 There was also offered in evidence the assessment sheet which was used by the assessor in computing the 1929 assessment of Pecan Belt Land Company and from which the assessment shown on the assessment roll was made up. This sheet, like the assessment roll, shows that Pecan Belt Land Company was assessed with 9965 acres in Ward
 
 7
 
 having an assessed valuation of $99,650, an,d that the 1929 state and parish taxes due were $2,443.39. This assessment sheet also fully describes this large tract of land subject to assessment, and the description includes the
 
 EY
 
 of the
 
 WY of
 
 Section 33.
 

 It will thus be seen that the total amount of taxes due by Pecan Belt Land Company as shown by the tax roll included the 1929 taxes due on the
 
 EY
 
 of the
 
 WY
 
 °f Section 33. Furthermore, the valuation of this tract of land was included in the total assessed valuation of this company’s land for this same year, and the assessment roll further shows that the total acreage assessed to the company was 9,965 acres, which included the acreage of the
 
 EY
 
 of the
 
 WY¿
 
 of Section 33. In other words, the total tax, the total assessed valuation, and the total acreage are identical on both documents. It is therefore clear that the omission of the E% of the W% of Section 33 in the description shown on the assessment roll was nothing more than a clerical error, and not an intentional omission. In other words, when the description was copied from the assessment sheet onto the assessment roll, the
 
 EY
 
 of the
 
 WY
 
 of Section 33 was omitted through error. Moreover, as a result of this tax sale all taxes due the state and parish for the year 1929 on this part of the property were paid by the tax purchaser.
 

 From all this we conclude that this portion of the property was actually assessed, and the assessor’s error made in transferring the description from the assess
 
 *329
 
 ment sheet to the tax roll did not change the fact that the property was actually assessed. There is therefore no merit in appellant’s contention that the tax sale of this portion of the property was absolutely null for lack of assessment.
 

 Appellant further contends that the tax sale is null as to the SEj4 of the NWj4 of Section 33, Township 11 North, Range 11 West, for the reason that this particular 40 was dually assessed and all taxes on it had been paid before the land was sold for taxes. In support of this contention appellant offered in evidence sheets from the assessment roll for the Parish of DeSoto for the year 1929. According to one of these offerings Mrs. Lula Butler was assessed with this particular 40 together with other property for the year 1929. According to the other sheet U. B. Butler was likewise assessed with this identical 40 together with other property for the year 1929. The assessment roll shows that both Mrs. Lula Butler and U. B. Butler paid the taxes under the above assessments on December 5, 1929. However, as we shall show, the Butlers did not pay or intend to pay the taxes on the SEJ4 of the NWj4 of Section 33.
 

 The record discloses that on June 15, 1906, Mrs. Lula Butler, joined by her husband U. B. Butler, conveyed the
 
 El'/z
 
 of the NWJ4 of Section 33, Township 11 North, Range 11 West, to Florien Giauque, one of appellee’s authors in title, and it is conclusively shown that at the time the 1929 assessment was made and at the time of the tax sale neither U. B. Butler nor Mrs. Lula Butler was the record owner of this particular 40.
 

 The evidence also shows that on November 5, 1901, Uriah B. Butler made a dation en paiement to Lula Butler of the
 
 S]/2
 
 of the NWJ4 of Section 34, Township 11 North, Range 11 West, and that according to the records of DeSoto Parish Mrs. Butler owned these 80 acres of land at the time the 1929 assessment was made and at the time of the tax sale. It will thus be seen that Mrs. Butler at this time owned the SEJ4 of the NWJ4 of
 
 Section 34
 
 instead of the SEj4 of the NW14 of
 
 Section 33.
 

 Likewise the evidence shows that by deed dated November 1, 1919, Uriah B. Butler acquired from John H. Butler the SEJ4 of the NE14 of Section 33, Township 11 North, Range 11 West, and that he was the record owner of this particular 40 in 1929 at the time the assessment was made to him which described the SE}4 of the NWj4 of Section 33 as belonging to him. In the very assessment to U. B. Butler of the SE]4 of the NWJ4 of Section 33, however, there is a notation of the book and page of the notarial records where his deed of acquisition is recorded, and this notation shows the purchase to have been recorded in Notarial Records 51, page 146. A certified copy of the deed from John H.
 
 *331
 
 Butler to Uriah B. Butler which was offered in evidence shows that this particular instrument was recorded in Book 51, page 146, of the notarial records,and according to this deed U. B. Butler acquired with other property the SEJ4 of the NEJ4 of Section 33, and not the SEJ4 of the
 
 NW14
 
 of this section.
 

 In sum, neither Mrs. Lula Butler nor U. B. Butler was the record owner in 1929, at the time the assessment was made, of the SEJ4 of the NW[4 of Section 33, with which they were assessed; but at that time Mrs. Lula Butler was the record owner of the SE]4 of the NWJ4- °f
 
 Section 34,
 
 and U. B. Butler was the record owner of the SEJ4- of the NRJ4- of Section 33, with which they were not assessed.
 

 It is therefore apparent that in assessing Mrs. Butler with the SE}4 of the NW}4 of Section 33 a clerical error was made by writing Section 33 instead of Section 34, and that an error was likewise made in assessing Uriah B. Butler with the SB¡4 of the NW]4 instead of the SEJ4 of the NE14.
 

 It is the contention of the appellant that the Butlers paid the 1929 taxes on the SE14 of the NW]4 of Section 33, thus rendering the tax sale of this particular 40 null and void.
 

 Article 10, Section 11, of the Louisiana Constitution of 1921 provides that “No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale * * * ”.
 

 It is indisputable that a sale of property for taxes which were previously paid, no matter by whom, is absolutely null and not protected by the constitutional peremption. Booksh v. A. Wilbert Sons Lumber & Shingle Co., 115 La. 351, 39 So. 9; Tillery v. Fuller, 190 La. 586, 182 So. 683; La Caze v. Boycher, La.App., 80 So.2d 583. However, pertinent to the case at bar is the opinion of this court in Tillery v. Fuller, supra, [190 La. 586, 182 So. 705] in which we said:
 

 “The plaintiffs in this case cite and rely upon the decisions which maintain that a sale of property for taxes which have been paid is absolutely null, and not protected by the limitation of three years, no matter who paid the taxes * * *. In every one of these cases the party who paid the taxes, for which the property was afterwards sold, paid with the intention of paying the taxes on that identical property, and not by accident, or in consequence of an error of the assessor in describing the property assessed to the taxpayer.”
 

 In the instant case we think it is abundantly clear that both Mrs. Lula Butler and U. B. Butler intended to pay, and did pay, the 1929 taxes on the property of which they were the owners of record, and did not intend to pay, nor did they pay, the 1929 taxes assessed against. the SEJ4 of the
 
 *333
 
 NWJ4 of Section 33. Certainly it is not reasonable to assume that Mrs. Butler intended to pay taxes on property which she had sold 23 years before, or that U. B. Butler intended to pay taxes on property of which he was not the record owner.
 

 Appellant also says that “The tax sale is null as to all of the lands in dispute, even though a portion of the lands were described in the assessment and were not dually assessed[,] because the lands, with respect to defendant, constitute one tract, under one fence, and a portion of the taxes were paid thereon”.
 

 As we have pointed out above, the 1929 taxes were
 
 not
 
 paid on a portion of the property before it was sold for non-payment of the 1929 taxes. Therefore no further discussion of this contention is necessary.
 

 Appellant also says that “The tax sale is null because U. B. Butler and his wife were actually assessed with the lands in dispute and paid taxes thereon even though the description of their assessments were erroneous”.
 

 An examination of the assessments of U. B. Butler and his wife Mrs. Lula Butler for the year 1929 shows that the Butlers were not assessed with any of the lands in dispute except the SEJ4 of the NWJ4 of Section 33, which, as we have stated above, was erroneously assessed to them and on which they did not pay or intend to pay the 1929 taxes. The property described in the 1929 assessments of the two; Butlers has a total acreage of 480 acres, although they were the record owners at that time of only 200 acres. From these facts appellant argues that their assessments were erroneous, and that they actually paid the taxes on the .property in dispute.
 

 We do not think these facts justify any such conclusion, nor is there any evidence in the record that either Mrs. Lula'Butler or U. B. Butler • intended to pay or actually paid the 1929 taxes on any of the property .in dispute.
 

 We therefore find no merit in appellant’s contention that the tax sale was null ; and appellee has established an apparently •valid title in itself. This brings us to appellant’s plea of 30 years’ acquisitive prescription.
 

 As we said in the beginning, appellant has no record title to the property in dispute, but claims that he is- the owner by 30 years’ acquisitive prescription, contending that he and his ancestors have been in actual physical possession of the property for 'more than 30 years. In fact, he argues that his grandfather had acquired 80 acres of the tract in question by the prescription of 30 years acquirendi causa by the time the property assessed to Pecan Belt Land Company was sold at tax sale to W. A. Roach', one of appellee’s authors in title, and that the prescription of 30 years as to the other
 
 *335
 
 portion of the property accrued after that time.
 

 The trial judge found that the evidence did not establish a continuous adverse possession sufficient to support the plea of acquisitive prescription The judge may have been correct in this holding, but we do not find it necessary lo consider defendant’s plea of 30 years’ acquisitive prescription under the holding of this court in Meshell v. Bauer, 215 La. 619, 41 So.2d 237, 239, decided in 1949.
 

 In the Meshell case plaintiff alleged himself to be the owner, by virtue of actual physical possession for more than 30 years, of the tract of land there in dispute, and it was shown beyond question that he did actually and physically, through enclosures and cultivation, possess the entirety of the land in dispute for more than 30 years. In that case Meshell did not have a record title of any character to the land, nor did he return it for assessment or pay any taxes on it for any part of the 30-year period. On the other hand defendants had a regular chain of title to the land through a tax sale made in 1940 under an assessment for the year 1939 in the name of the record owner. This court affirmed a judgment of the Court of Appeal, 35 So.2d 772, affirming a judgment of the district court which recognized defendants to be the legal owners of the land in controversy and entitled to the undisturbed possession of it. This court adopted and quoted with approval the opinion of the Court of Appeal, in the course of which it was said:
 

 “ ‘The law governing cases, the facts of which are as they uncontradictorily appear herein, is very clear. The tax assessor is required by statute to assess real estate to the last record owner. Act No. 170 of 1898, Sections 25 and 53; Section 11, Article X of the Constitution of 1921. And a tax deed under such assessment is prima facie evidence of a valid sale. It may not be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to date of the sale. Section 11, Article X of the Constitution of 1921. However, the courts of this state, uniformly, since the adoption of the Constitution of 1898, have held that the effectiveness of the peremption contained therein, and in subsequent constitutions, in favor of tax sales of real property, was suspended so long as the tax debtor or his heirs and/or legal representatives or his or their vendee or vendees held actual, physical possession of the property. Of course, the referred to peremption has application only to tax sales that were made without strict observance of all legal requirements and formalities. It was designed to cure tax sales affected with legal infirmities. A tax sale, legally valid ab initio does not need the aid of this peremption at all.
 
 *337
 
 It is beyond attack and becomes indefeasible after the period of redemption (now three years) has expired.
 

 “ ‘Meshell was not the tax debtor. He had not the least semblance of record title to the land and for this reason neither his possession thereof nor that of his heirs could be pleaded successfully against the efficacy of the tax sale that was made in the name of the record owner, the true tax debtor, to whom, presumably, the required notices, precedent to the sale, were given. Pertinent to this discussion, see Gilmer v. Stinson, La.App., 197 So. 299.’ ”
 

 In Thurmon v. Hogg, 225 La. 263, 72 So.2d 500, 509, decided by this court in 1954, we adopted as our own the major part of the trial judge’s reasons for judgment. In the course of that opinion it was said:
 

 “ ‘ * * * The holding in the Meshell v. Bauer case is to the effect that a
 
 valid
 
 tax sale made in the name of the record owner places in the tax purchaser a superior title to one claiming by virtue of thirty years acquisitive prescription.’ ”
 

 Now with reference to the tax sale in the instant case, the assessment was made in the name of Pecan Belt Land Company, the record owner. Neither appellant nor any _ of his ancestors had a record title to the property and were not the tax debtors. Consequently under the holding of the Meshell case he cannot now successfully plead his possession against the efficacy of the tax sale which vested a valid and legal title to the property in W. A. Roach, appellee’s author in title.
 

 For the reasons assigned the judgment appealed from is affirmed. Appellant is' to pay all costs.
 

 SIMONS, J., absent.
 

 [1]
 

 . Plaintiff was also awarded judgment, for $612.17, the value of timber cut and removed from a portion of the property in 1955.
 

 [2]
 

 . Mansfield contends that Butler cannot here attack the Í930 tax deed because of the legal principle that the validity of a tax sale cannot be collaterally questioned. That this argument has no force in a petitory action was recognized by us long ago in Hickman v. Dawson, 33 La.Ann. 438. See also Ball v. Brooks, La., 2d Cir. 1885, Gunby’s Dec. 90.