163 So.2d 157 (1964)
Percy M. CHOATE
v.
Loretta O'BRIEN and Shell Oil Company.
No. 1343.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
Rehearing Denied May 4, 1964.
Writ Refused June 26, 1964.
*158 Julian B. Humphrey and F. F. Willoz, III, New Orleans, for plaintiffs-appellants.
Chalin O. Perez, Geo. C. Schoenberger, Jr., and Ernest M. Sutter, New Orleans, for defendants-appellees.
Before SAMUEL, TURNER and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit to annul a tax sale of immovable property. The only remaining original litigant is Shell Oil Company, a defendant. Plaintiff and the other defendant, Loretta O'Brien, died while the suit was pending over a period of several years. The children of the plaintiff have been substituted as parties plaintiff and the provisional administratrix of Loretta O'Brien's succession has been substituted as a party defendant.
Plaintiffs filed an original and a supplemental petition. To those petitions the defendants filed exceptions of peremption and/or prescription on the grounds that the five year period provided for in Article 10, Section 11 of the LSA-Constitution of 1921 had accrued prior to the filing of suit. There was judgment in the trial court maintaining the exceptions and rejecting plaintiffs' demand at their cost. Plaintiffs have appealed.
The original and supplemental petitions allege: In 1845 an ancestor of the original plaintiff acquired an undivided interest in Lot 42, Township 23 South, Range 32 East, located in the Parish of Plaquemines and *159 containing approximately 4.84 acres, by patent from the United States issued jointly to that ancestor and two other persons. The property was sold for taxes for the years 1949, 1950 and 1951, to Loretta O'Brien, an original defendant in this suit. That purported tax sale was an absolute nullity for the reason that the property was not assessed for the years 1949, 1950 and 1951. Alternatively, less than five years subsequent to the registration of the purported sale the heirs of the original plaintiff's co-owners of said property filed suit to annul the same and the defendant, Loretta O'Brien, transferred a 1/48th interest in the property to those heirs, which transfer amounts to an acknowledgment of the invalidity of the purported sale. Thus the running of the five year period of prescription or peremption was interrupted in favor of plaintiffs. Further alternatively, although title to the property is registered in the name of the defendant, Loretta O'Brien, "* * * the real purchaser of this property was not the defendant, but rather was a public official whose name is presently unknown to petitioners, who is and was prohibited from purchasing property at tax sale and who conspired with the defendant herein to defraud petitioners out of the said described property."
On the trial of the exceptions defendants introduced in evidence the tax deed in question and a photostatic copy of page 209 of the Plaquemines Parish assessment roll for the year 1951. The tax deed is in the usual form. Among other things it recites that the property was duly advertised on specified dates and sold on April 26, 1952 to Loretta O'Brien for unpaid 1949, 1950 and 1951 taxes. The property appears, as a supplemental assessment, in handwriting on the page 209 of the rolls introduced by the defendants. It is assessed to "Unknown Owners". The tax sale was registered on May 12, 1952 and this suit was filed on July 15, 1957, more than five years after the registration.
On the trial of the exceptions plaintiffs introduced photostatic copies of the grand recapitulation sheet of the assessment roll of Plaquemines Parish for the year 1951 and of page 209 of that roll. The difference between the two documents introduced by the opposing litigants as page 209 of the assessment roll is that the one introduced by the plaintiffs is from the copy of the assessment roll in the custody of the state comptroller's office in Baton Rouge and the one introduced by the defendants is from the copy of that roll on file in the office of the Clerk of Court for the Parish of Plaquemines. The supplemental assessments, a total of twelve in number including Lot 42 which is the fourth supplemental assessment, appear on page 209 of the copy of the roll which is on file with the Clerk of Court. None of those twelve supplemental assessments appear on the same page of the roll filed in the office of the State Comptroller. The assessment of the property here involved thus is contained only in the roll on file with the Clerk and is not contained in the roll filed with the Comptroller. The column totals at the bottom of page 209 are identical on both documents introduced. The recapitulation sheet, also from the copy of the rolls on file in the office of the State Comptroller, shows that the roll was approved by the Louisiana Tax Commission on October 23, 1951.
Article 10, Section 11 of the Constitution of 1921 (2 LSA-Const. 722), upon which the exceptions of peremption are based, reads as follows:
"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given."
Our jurisprudence recognizes only three causes for which a tax debtor may set *160 aside a sale of property for taxes after the lapse of five years from the date of the registration of the tax deed: (1) prior payment of taxes; (2) continued physical possession by the tax debtor; and (3) no assessment. Mansfield Hardwood Lumber Company v. Butler, 234 La. 322, 99 So.2d 129; Ewald v. Hodges, 239 La. 883, 120 So. 2d 465; Staring v. Grace, 97 So.2d 669; Stone v. Kimball's Heirs, 199 La. 240, 5 So. 2d 758; Ward v. South Coast Corporation, 198 La. 433, 3 So.2d 689; Close v. Rowan, 171 La. 263, 130 So. 350.
Plaintiffs' first attack of the sale is on the grounds of lack of an assessment. They contend that the supplemental assessment of Lot 42 is in "unidentified handwritten scribblings", that the courts will not give any effect to unidentified notations on the public records and that therefore there was no actual assessment of the property. They also contend that under LSA-R.S. 47:1989, which states that the "value of all taxable property in the state shall be fixed by the tax commission. * * *", there was no legal or valid assessment because, as shown by the copy of page 209 introduced by the plaintiffs, the tax commission could not, and did not, fix the value of any of the properties listed as supplemental assessments on the page 209 introduced by the defendants. As the supplemental assessment of the property here involved does not appear on the copy of the rolls filed with the Comptroller, the approval of those rolls by the tax commission did not include that supplemental assessment.
The first contention is simply a question of fact concerning which we can come to only one conclusion. The handwritten supplemental assessment of Lot 42 is quite clear and legible. We are able to read the writing without difficulty. The assessment contains no "scribblings", erasures, additions, interlineations or changes of any kind. LSA-R.S. 47:1966 requires the assessor to assess upon a supplemental roll property omitted in a previous assessment or assessments, limiting such supplemental assessment to back taxes for three years. LSA-R.S. 47:1993 requires that the assessor shall file one copy with the tax collector, one copy with the auditor [now comptroller], and one copy with the recorder of mortgages. In the instant case the assessor appears to have complied with all of these requirements and his act of filing the supplemental roll with the Clerk of Court, who in Plaquemines Parish is also the registrar of conveyances and recorder of mortgages, is prima facie evidence of the fact that the supplemental assessment was properly made and completed. For LSA-R.S. 47:1993 further provides:
"The act of depositing the rolls by the assessor in the office where the records of the parish are kept, shall be deemed prima facie evidence that the assessment has been made and completed in the manner provided by law."
The question of whether there can be a legal or valid assessment in the absence of a fixing of the value of the taxable property by the Louisiana Tax Commission is not material in this case. Assuming, but not deciding, that in such absence the assessment is not valid, this is a fault which does not survive the constitutional peremption contained in Article 10, Section 11. Irregularity of assessment is one of the faults cured by the peremption. See Ewald v. Hodges, supra.
Insofar as it has application to this case, the lack of an assessment, which is a cause for setting aside a tax sale despite the accrual of the five year peremptive period, has reference only to the situation where the property was not sufficiently described to identify it. Mansfield Hardwood Lumber Company v. Butler, supra; Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679; Scott v. Parry, 108 La. 11, 32 So. 188.
Here the property is fully described and identified both on the supplemental assessment roll and in the tax deed. The roll contains the following description: "River Lot 42 T23 SR 31 E 4.84 Acres *161 Pasture $40." The description in the tax deed is: "4.84 River Lot 42 T 23 SR 31 E 4.84 Acres Pasture $40." Clearly, the property can be identified from those descriptions and there is no "lack of an assessment" sufficient to constitute a fault that survives the five year peremption.
The basis of plaintiffs' second attack, that the five year constitutional "prescription or peremption" of Article 10, Section 11 has been interrupted or suspended by the suit timely filed by their ancestor's co-owners and by the compromise of that suit under which Loretta O'Brien transferred to said plaintiff co-owners an interest in the property, is also without merit. Our settled jurisprudence is that Article 10, Section 11 of the 1921 Constitution creates a peremption which requires the tax debtor to institute his proceeding to annul within the five year period. With the exception of continued physical possession, which for compelling reasons the jurisprudence has adopted as one of the three causes for setting aside a tax sale despite the lapse of five years from the date of the registration of the tax deed, the five year constitutional peremption, as is generally true in peremption as distinguished from prescription, cannot be interrupted or suspended; after the peremptive period expires the cause of action no longer exists. Stevens v. Johnson, La.App., 81 So.2d 464; Succession of Pizzollo, 223 La. 328, 65 So.2d 783; Close v. Rowan, supra; Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899.
Nor is there merit to plaintiffs' allegation that the actual purchaser was a public official prohibited by law from acquiring property at a tax sale and that the peremption therefore does not apply. This allegation can have reference only to LSA-R.S. 47:2194, formerly Act 94 of 1902, which makes it unlawful for certain public officers, whose duties are to assess or collect taxes, to buy, either directly or indirectly, any property sold for taxes, and further provides that any sale of such property to such an officer shall be null and void. The defect complained of is one which is cured by the passage of the five year peremptive period of Article 10, Section 11 of the Constitution. The Supreme Court has so held in two cases, King v. Moresi, 223 La. 54, 64 So.2d 841 and Close v. Rowan, supra. In King property was purchased at a tax sale in the name of the wife of the sheriff of the parish in which the sale took place resulting in the property becoming a part of the community which existed between the named purchaser and her husband. In Close the purchaser at the tax sale was a deputy assessor. Both purchases were in violation of the statute. In both cases the Court held that the statutory violation had been curred by the passage of the peremptive period.
The judgment appealed from is affirmed.
Affirmed.