SARTAIN, Judge.
Plaintiff instituted this action for confirmation of a tax title to six acres of land in Section 34, Township 9 South, Range 15 East in St. Tammany Parish, acquired for non-payment of state and parish taxes for the year 1949. Defendant filed an answer setting forth certain hereinafter mentioned defenses and by way of reconvention sought to have his ownership thereof recognized and plaintiff’s tax deed cancelled. The trial judge rendered judgment in favor of the defendant and plaintiff in reconvention and against plaintiff and defendant in reconvention. From this adverse judgment plaintiff has appealed.
The six acres in question was acquired by Taylor Cousin by various conveyances as part of a larger tract which was described as containing 400 acres.
In 1933 Taylor Cousin transferred the property to Beatrice Cousin, wife of, and Emmanuel Bonnecarrere, under the same description. On May 29, 1935, the Bonne-carreres transferred the six acres in question under a proper description, to William A. Lochte. The six acres descended by a regular chain of title to the defendant herein, Matthew B. Devitt. Mr. Devitt acquired on June 5, 1943 in addition to the six acres which is in question here and in the same deed, two other tracts of ground totaling 3.25 acres, which are adjacent to the subject property but separated therefrom by a canal, which is not Devitt’s property.
The record further reveals that although the six acres was sold by Taylor Cousin in 1933, the original 400 acre tract continued to be assessed in his name up through the year 1949, the year the taxes were not paid on the subject property. When the Bonne-carreres sold to Lochte no exception was made on the assessment records. The rec *384 ord also reveals that the six acres were assessed to Lochte in 1936 and that they were adjudicated to the state on February 2, 1937 for non-payment of 1938 taxes, that ■it was redeemed from this sale on April 28, . 1948, and then adjudicated to plaintiff on July 14, 1950 for unpaid taxes of 1949, once again in the name of W. A. Lochte.
Plaintiff acquired the said six acres from George E. Burgess or his wife, Augusta Leland Burgess. There is no showing as to whether or not the property was ever assessed in the names of Bonnecarrere or Burgess.
Defendant’s contentions are two fold: (1) that the payment of taxes of property assessed in the name of Heirs of Taylor Cousin constituted payment on the six acres subsequently acquired by him and therefore inured to his benefit, and (2) payment by him of taxes assessed to his 3.25 acres also constitute payment by him on the subject six acres, and that by virtue of either one or both of these factors, such taxes were paid timely and therefore the tax sale is a nullity.
Before defendant can urge the nullity or seek to set aside a tax sale, he must first satisfy the provisions of LSA-Const. Art. 10, § 11, upon which the exceptions of per-emption are based, which reads as follows:
******
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is ■instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, nor any suit which may be brought within a period of twelve months from the date of the adoption of this Constitution, in which any tax sale is sought to be annulled for any of said causes.”
* * * * • * *
The law subject to a situation such as this is set forth in the case of Choate v. O’Brien, La.App., 163 So.2d 157, which recognized the three causes for which a tax debtor may set aside a sale of property for taxes after the lapse of five years from the date of the registration of the tax deed. They are prior payment of taxes, continued physical possession by the tax debtor, and no assessment. See Mansfield Hardwood Lumber Co. v. Butler, 234 La. 322, 99 So.2d 129; Ewald v. Hodges, 239 La. 883, 120 So.2d 465; Staring v. Grace, La.App., 97 So.2d 669; Stone v. Kimball’s Heirs, 199 La. 240, 5 So.2d 758; Ward v. South Coast Corp., 198 La. 433, 3 So.2d 689; Close v. Rowan, 171 La. 263, 130 So. 350.
The trial judge held that under the authority of Mansfield Hardwood Lumber Co. v. Butler, supra, defendant’s argument that if the assessment in the name of Heirs of Taylor Cousin had been correctly described on the tax rolls and would have included the subject property and consequently the payment thereof by those parties could not prevail. The Mansfield case is authority for the payment by one of taxes of another will defeat a tax sale. However such authority contains the proviso that the payment of such taxes must be intentional.
The trial judge in his written reasons was inclined to hold that the commercial assessment of 3.25 acres, which Mr. Devitt paid, should be construed to cover all of his property, and cited Page v. Kidd, 121 La. 1, 46 So. 35. It is our opinion that Page v. Kidd is not controlling of the issue herein presented because the six acres involved in this law suit were acquired by defendant and his ancestors in title, under se *385 parate and distinct descriptions. The 'same is true of the 3.25 acres. In plaintiff’s acquisition deed there are listed three separate tracts of land and each are very accurately described. The first two tracts of land are contiguous and contain 1.64 and 1.61 acres respectively, for a total of 3.25 acres. Under these circumstances defendant was fully apprised that he was only paying taxes on 3.25 acres where his deed particularly called for a third tract containing six acres. See Chapman-Storm Lumber Co. v. Board of Commissioners, 196 La. 1039, 200 So. 455 and cases cited therein.
However, the trial judge correctly relied upon defendant’s continued possession as an exception to the five year peremption requirement of the Constitution. On the matter of continued possession it is noted that the subject property is low, grassy, marshland subject to overflow. Defendant while owning and occupying the 3.25 acres immediately across the canal from the subject property urges in support of his possession of the six acres the placing of “keep off” and “no trespassing” signs on the property. He further testified that there never had been any occupants on the property and that since his acquisition in 1943 no one had ever disturbed him in his possession thereof. The trial judge stated that by virtue of the description, location and nature of the property he knew of no other susceptible possession “beyond posting of the property.” He found as a matter of fact that defendant had on several occasions erected such signs on his property.
Plaintiff contends that the testimony of defendant and one witness as to the type, nature and extent of possession urged by defendant is weak, indecisive and wholly lacking in clarity to the extent that defendant was “equivocating.” Plaintiff further urges that the type of possession necessary to suspend the effects of LSA-Const. Art. 10, § 11 must be continuing, open, actual and physical and cites numerous authorities. We have no argument with the authorities cited by plaintiff however they do not cover land similar to the subject six acres. In determining what type of possession is necessary to constitute open, real, and actual possession it is essential to look to the type and nature of the land. It is well recognized that the owner of land can only exercise over it such possession as is practical and contemplated. There may be and frequently is physical possession of open marshland; however, this is not to say that it must be inhabited. The possession of marshland contemplated by law is that which is commensurate with its nature, chief value and by the extent of operations conducted thereon, which the character of the soil and surroundings reasonably permit. Acosta v. Nunez, La.App., 5 So.2d 574; Snelling v. Adair, 196 La. 624, 199 So. 782; A.B.A. Exploration Gas & Oil Co., Inc., v. A. Wilbert’s Sons Lbr. & Sh. Co., La.App., 170 So.2d 752; Hill v. Richey, 221 La. 402, 59 So.2d 434. As stated in Hill v. Richey, supra, what constitutes possession in any case is a question of fact and each case depends upon its own facts.
The trial judge who heard and observed the witnesses concluded that the signs posted by defendant on the six acres which was located across the canal from his remaining property was sufficient in this particular case to constitute possession and with this we concur.
The last and remaining point is the fact that defendant, though he had owned the property for six years received no notice of delinquency or of the tax sale, as required by law. In view of the fact the five year peremption period was suspended by defendant’s possession of the property, the tax sale is null for lack of notice to the tax debtor.
For the above and foregoing reasons the judgment of the district court is hereby affirmed at plaintiff’s costs.
Affirmed.