PICKETT, Judge.
The plaintiffs instituted this suit in which they seek a declaratory judgment to quiet their title to a certain 72 acres tract of land situated in Livingston Parish, Louisiana. The defendants answered with a general denial of the plaintiffs’ right to a declaratory judgment, and reconvened, claiming they are the owners of certain undivided interest in the same tract of land. J. H. Jenkins, Contractors, Inc., purchased the interest of the plaintiffs, Del-mas D. Sharp, Virginia Ann Sharp Harvey, and Mary Elizabeth Sharp Orr, on December 22, 1967, and pursuant to a motion filed on May 17, 1968, was substituted as a party plaintiff instead of the plaintiffs, whose interests had been purchased. After a trial on the merits, the District Judge rendered a declaratory judgment in favor of the plaintiffs; and the defendants have appealed.
The plaintiffs allege they acquired the property which is the subject of this litigation by inheritance from Simpson H. Sharp, and his wife, Mrs. Nannie Kate Carter Sharp, who had acquired the property by mesne conveyances from Ovide Alexis, the patentee. The plaintiffs further allege that although they are not aware of any defects in their title to said property, they plead the prescription of ten years provided by LSA-C.C. Article 3478, based on their acquisition of same in good faith, by deeds translative of title, and by having undisturbed, continuous, peaceable possession of same for more than ten years. The defendants, on the other hand, contend that they are the owners of an undivided one-third interest in said property by right of inheritance from Ovide Alexis, who obtained the original patent to the property.
*896 The evidence shows that the judgments of possession rendered May 17, 1961, in the Succession of S. H. Sharp, Number 1173 on the Docket of the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana; and the judgment of possession rendered on February 2, 1966, in the Succession of Mrs. Nannie Kate Carter Sharp, Number 6388 on the Probate Docket of the Fifteenth Judicial District Court, for the Parish of Acadia, Louisiana, disclose that the original plaintiffs in this action were the heirs of Simpson H. Sharp and his wife, Mrs. Nannie Kate Carter Sharp. The plaintiff, J. H. Jenkins Contractors, Inc., was substituted, after the suit was filed, in the place of Delmas D. Sharp, Virginia Ann Sharp Harvey, and Mary Elizabeth Sharp Orr.
The defendants are the heirs of Sarah (Salley) Alexis Hayden, and Maggie Alexis Harris, two of the five children of Ovide Alexis and his wife, Mary Dalatte Alexis. The evidence shows Ovide Alexis and his wife, Mary Dalatte Alexis, had five children, namely: William (Billy) Alexis, Sarah (Salley) Alexis, Ben Alexis, Maggie Alexis, and a girl who died as a child, but whose name is not disclosed by the record. Ben Alexis was never married, and died about three months after the death of his father.
The record reveals that the property herein under consideration is a part of a 160 acres tract of land acquired by Ovide Alexis by patent from the United States Government, on January 22, 1895. Grover C. Simpson purchased the said property at a tax sale for the delinquent 1926 taxes, assessed in the name of Mrs. Ovide Alexis, as will appear from the tax deed dated June 25, 1927, and recorded in Book 42, Page 456 of the Conveyance Records of Livingston Parish, Louisiana. There is no evidence that the tax debtor or anyone else has at anytime redeemed the property from said tax adjudication. On October 14, 1927, William Alexis sold to Grover C. Simpson, husband of Lillie Hayden all of his one-third of one-half interest in said property for a cash consideration of $75.00. On October 20, 1927, Mrs. Mary A. Alexis, widow of Ovide Alexis, sold her undivided one-half interest in the said property to Grover C. Simpson, married to Lillie Hayden, for a cash consideration of $200.00. Grover C. Simpson therefore, had a tax deed to all of the property herein under consideration, and in addition thereto, acquired a one-half interest from the widow of Ovide Alexis and one-sixth interest from William Alexis. There is no evidence of an acquisition of the remaining two sixths interest in said property from the two remaining heirs of Ovide Alexis, unless the tax deed above mentioned, conveyed a complete title to Grover C. Simpson.
The plaintiffs, in paragraph five of their petition, in addition to the deeds from Mrs. Mary A. Dalatte Alexis, and William Alexis, claim that Grover C. Simpson acquired the said property by reason of the tax sale dated June 25, 1927, for the delinquent 1926 taxes assessed in the name of Mrs. Ovide Alexis. The evidence does not show that defendants have redeemed the subject property from the tax sale, nor have they challenged the title of the tax purchaser prior to this action. Before the defendants can urge the nullity or seek to set aside the tax sale, they must first satisfy the provisions of LSA-Const. Article 10, Section 11, which reads as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given.”
The jurisprudence of this state is well settled, as set forth in Choate v. O’Brien, La.App., 163 So.2d 157, that the *897 three causes for which a tax debtor may set aside the sale of property for taxes after the lapse of five years from the date of the registration of the tax deed are prior payment of taxes, continued physical possession by the tax debtor, and no assessment. More than five years have elapsed, and there is no evidence of the prior payment of taxes, the tax debtor did not physically possess the property, and there is the presumption of a valid assessment. In Lafitte, Dufilho & Company v. Godchaux, 35 La.Ann. 1161, 1163, the Court said:
“The genius of our law does not favor the claims of those who have long slept on their rights, and who, after years of inertia, conveying an assurance of acquiescence in a given state of things, suddenly wake up at the welcome vision of an unexpected advantage and invoke the aid of the courts for relief, under the effect of a newly discovered technical error in some ancient transaction or settlement.”
The evidence in this case fails to disclose any interruption of the five years constitutional peremption. The defendants have shown no irregularity of the tax sale. Accordingly we conclude that the tax sale for the delinquent 1926 taxes vested the title of the property in Grover C. Simpson, whose wife was Lillie Hayden Simpson.
Grover C. Simpson conveyed to Simpson H. Sharp, on June 27, 1931, his undivided one-half community interest in the subject property. By deed dated April 26, 1947, Willard B. Simpson, Evelyn Simpson Tim-berlake, Persie C. Simpson, and Pearly Mae Simpson Miller, heirs of their mother, Lillian Simpson, conveyed all of their interest in and to an undivided one-half interest in the subject property to Valmon Grover Simpson, husband of Mary Lewis, for a consideration of $200.00 cash. On the 29th day of December, 1947, Valmon Simpson, the husband of Mary Lewis, and Simpson H. Sharp, the husband of Nannie Carter, executed an exchange deed in which Valmon Simpson in exchange for other property, conveyed to Simpson H. Sharp, his undivided one-half interest in the subject property. This deed is recorded in Book 66, Page 205, of the Conveyance Records of Livingston Parish, Louisiana. Therefore, Simpson H. Sharp, the husband of Nannie Carter Sharp, acquired the property herein under consideration from Grover C. Simpson the heirs of his deceased wife.
Although the plaintiffs contend that they know of no defect in their title to the property herein involved, they plead the prescription of ten years, provided by LSA-C.C. Art. 3478, which is as follows:
“He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minor; provided that this prescription once it has begun to run against a party shall not be interrupted in favor of any minor heirs of said party.”
The uncontradicted testimony of Wiley H. Sharp, Jr., Willis Balfantz and Ralph P. Jones, who have been familiar with the property for many years, established that the plaintiffs and their predecessors in title, have been in undisturbed possession of the subject property at least since they acquired interest of Valmon Simpson in 1947. Mr. Wiley Sharp, Jr., testified that he had been in possession of the property, and looking after it since the death of his father in May of 1956. He described the property as “typical South Livingston Parish Pine Flat”, some of which was swampy. He stated that the property is surrounded by small plots with houses on them. While the property itself is not fenced, the fences of adjoining property owners does establish the boundary of the subject property. It is sufficiently identifiable, that it was surveyed by Clifford G. Webb, and a plat of that survey *898 has been filed in evidence. He stated that a Mr. Elliott Wild bought the timber some IS or 16 years ago and that he cut and moved the timber without any interference or opposition from any source. Mr. Willie Balfantz said that he was 61 years old when he testified in this case. He remembers the Alexis family. He stated that they left about 50 years ago and have never been back on the property for that period of time. He said the property is generally considered in that community to be owned by the Sharps. The testimony of Mr. Ralph P. Jones is in accord with that of Mr. Sharp and Mr. Balfantz. He recalls that the timber was removed from the property by Mr. Wild who purchased it from the Sharps; and that he knows of no acts of possession on the land for at least 15 years except that exercised by the Sharps.
The evidence convinces us that the plaintiffs were in good faith, and that the possession that they and their authors in title, have exercised has been sufficient to satisfy the requirements of LSA-C.C. Article 3478.
For the reasons herein set forth, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.