ON REHEARING
SARTAIN, Judge.
We granted a rehearing in this cause to consider the import of plaintiffs-appellants’ contention that our original decision is vio-lative of the Public Records Doctrine as announced in McDuffie v. Walker, 125 La. 152, 51 So. 100. They argue that the distinction made by us between the facts in the instant matter and those which formed the basis for the decision in Quatre Parish Company, Inc. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952) is a narrow one indeed and not justified. Pretermitting the merits of such a distinction, we are of the opinion that defendants have acquired valid title under Civil Code Articles 3478 and 3499, that is by ten and thirty year prescription respectively. It is for this reason that we now prefer to base our decision herein solely on prescriptive grounds.
The facts upon which such prescription is based are fully supported by the record. The tax deed by which defendants derived title was executed in 1928. Commencing in 1931 down through the present time defendants and/or their ancestors in title have openly and notoriously possessed the subject property.
The record does not permit a dispute concerning the tract of land defendants possessed. It is replete with testimony to the effect that the subject property is *178 bounded on the east by Bayou Felix, on the south and southwest by Bayou Felix and Grassy Lake, on the north by Dow Chemical (formerly Schwing) and on the west by Williams. The property fronting on Bayou Felix to a depth of 250 feet is somewhat elevated. The balance of the entire tract is swamp land and uninhabitable.
Defendant Clause testified that after acquiring the property in 1928 he waited three years to determine whether or not it would be redeemed by the tax debtors (Aucoins). After the lapse of three years and in 1931 he went out to the property and from that time to the present he has maintained signs along the banks of Bayou Felix and Grassy Lake. The signs varied, some stating “Posted”, others “No Trespassing”, and still others depicting the owners as Clarence Clause and the Estate of Mrs. Numa Caballero. The testimony further supports active possession by the defendants by their granting permission to persons engaged in commercial trapping. In addition, defendants have granted no less than five mineral leases covering the subject property. The first lease was granted to Raymond Risien, one of plaintiffs’ ancestors in title.
The Dow Chemical property line on the north and the Williams line on the west are clearly designated by hack marks and blazes. While on occasions the signs placed by Mr. Clause were knocked down by storms and possibly removed by other persons, a conscientious effort was made to designate himself and Mrs. Caballero or her estate as the owners. When the signs became faded they were replaced. The same is true with respect to the maintenance of the Dow Chemical and Williams boundary lines. As the hack marks became old and faded they were repainted. The cumulative effect of the testimony clearly establishes that the boundaries of the property were known to and recognized by the defendants and to the commercial trappers. On two sides the property was bounded by natural boundaries in Bayou Felix and Grassy Lake and on the north and west by sufficiently marked lines.
On three occasions defendant permitted seismic exploration. The first occasion was in 1942, the latest in 1966. In 1964 defendants granted several persons permission to construct camps on the west bank of Bayou Felix or along the eastern boundary of the subject property.
In addition to the above defendants have further evidenced their intention to own, use and possess the property in question by having paid taxes thereon continuously since 1928.
What constitutes possession in any case is a question of fact and each case, of course, depends upon its own facts. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952). The possession of property contemplated by law is that which is commensurate with its nature, chief value, and the extent of operations conducted thereon which the character of the soil and surroundings reasonably permit. P. M. Realty Co. v. Devitt, 199 So.2d 382 (1st La.App., 1967).
 Civil Code Articles 3478 provides:
“He who acquires an immovable in good faith and by just title prescribes for it in ten years. * * * ”
Article 3479 requires that ten year prescription, acquirendi causa, requires good faith on the part of the possessor, a title sufficient to transfer property, possession thereof and an object capable of being acquired by prescription. The fact that defendants original title contained an erroneous description is of no import here because in 1950, when defendants were first advised of the erroneous description, they instituted suit against their vendors to quiet their tax title and reform the description. Accordingly, since 1950 defendants have possessed pursuant to this corrected description and it is from this date that we toll the commencing of the ten year prescriptive period. Defendants were not aware of any *179 adverse claim to their property and therefore continued to possess the same in good faith. It was not until 1960, when the present plaintiffs instituted a slander of title suit against the defendants that defendants had any knowledge of any adverse claim. This suit was dismissed on April 29, 1968 for lack of prosecution and aband-donment. Its institution in 1960 did not alter the prior good faith acquisition and possession on the part of defendants nor interrupt the running of prescription in their favor.
Plaintiffs argue that the suit filed in 1950 to quiet title and reform the defective description in the tax deed cannot be considered as res judicata against them because they were not parties to that litigation. This point is conceded. However, the suit is pertinent to the defendants' claim of ten year prescription and is considered by us for this limited purpose. In Smith v. King, 192 La. 346, 188 So. 25 (1939) our Supreme Court held that acquisitive prescription under Civil Code Articles 3478 et seq. began to run under a deed with a fatally defective description from the date of judgment correcting the erroneous description.
We now turn to the question of plaintiffs’ claim by thirty year prescription as provided in Civil Code Articles 3499 et seq. The lead article permits the acquisition of property by thirty year possession absent any deed translative of title or possession in good faith. The accompanying articles, 3500-3503, prescribe that the possession must be continuous, public and unequivocal and may be preserved by external and public signs which announce the possessor’s intent to preserve the possession of the thing, etc., plus erecting certain works thereon. However, the property acquired is limited to only that portion which has been actually possessed by the persons pleading such prescription. Hill v. Richey, supra, fully discusses the facts necessary to establish title by prescription of thirty years and more particularly the aspect of boundaries, i. e., enclosures. In the instant matter the boundaries of the property in question were clearly defined and such boundaries have been maintained throughout the period of defendants’ possession commencing in 1931.
Accordingly, our original judgment in favor of the defendants is reinstated but for the reasons hereinabove set forth.
Affirmed.