GULOTTA, Judge.
This is a suit to annul a tax sale filed more than five years after property was purchased and the sale recorded. The defendant reconvened seeking to have the tax title confirmed. From a judgment dismissing plaintiff’s suit and confirming defendant’s tax title, this appeal is taken.
The following pertinent facts were stipulated.
Leopold Welsch acquired the property on July 11, 1929. Louis Carmadelle, Jr., on August 13, 1958, obtained the property by a tax sale for delinquent state and parish taxes assessed in the name of Leopold Welsch. This sale was registered in the office of the Clerk of Court on December 5, 1958, in C.O.B. 462, folio 384. Carmadelle paid the state and parish taxes for the years 1957-1968 totaling $1,672.27. At the time of the tax sale to Louis Carma-delle, Jr., the property was vacant, undeveloped and not occupied or possessed by anyone.
Alonzo Smith, Office Manager for the Sheriff of Jefferson, testified that the property was advertised prior to sale, and notice was published in the Jefferson Parish Democrat on July 5, July 12, July 19, July 26, August 2, and August 9 of 1958. Tax sale advertisement as it appeared in the Jefferson Democrat provided:
“LEOPOLD WELSCH” “Thirteen lots of ground situated in the Parish of Jefferson, La., in that part known as Canal St., said lots are designated as Lots 23 thru 35 both inch in Sq. *343 12, and measures according to original deed recorded in Clerk of Court’s Office”.
The action to annul the tax sale was filed on June 7, 1965, which was more than five (5) years subsequent to the recordation of the tax sale.
Appellant’s contention is that the five-year prescriptive period provided by Article 10, Section 11, of the Louisiana Constitution of 1921,[1] does not cure a defective tax title when the requirements of notice were not met. He argues the tax sale is an absolute nullity. Moreover, he contends, when there has been “no assessment” because of a defective[2] description of the property, the five-year prescriptive period is not applicable.
Assuming, arguendo, that the tax notice is defective, as concluded by the trial judge, it is well settled in our jurisprudence that any irregularities in failing to give tax debtors notice of delinquency is cured by the five-year peremptive or prescriptive period for annulling tax sales. Esso Standard Oil Company v. Jordan, 231 La. 594, 92 So.2d 377 (1957); Staring v. Grace, 97 So.2d 669 (La.App. 1st Cir. 1957); Thompson v. Walker, 235 La. 132, 103 So.2d 65 (1958); Blythe v. Zor, Inc., 148 So.2d 832 (La.App. 4th Cir. 1963); cert. denied. See also: LSA-Const. art. 10, § 11.

Failure of Notice

However, in our opinion, the tax debtor in effect received no notice of delinquency. Leopold Welsch became record owner of the property in July, 1929. The property was adjudicated to the State of Louisiana for nonpayment of 1934 State and Parish taxes. Leopold Welsch died intestate in 1937, and Jacob Welsch was appointed administrator of his estate and apparently continued as the succession representative until his death in 1955. In 1956 a certificate of redemption was obtained for the Welsch interest. Taxes for 1956 were paid and the receipted tax bill issued by the Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson was mailed to Succ. of Leopold Welsch, 1746 N.B.C. Bldg., N.O. 12. The receipt is dated February 20, 1957.
This address is the office of Raymond Kierr, attorney for the Welsch estate. It is apparent the 1956 receipt was mailed to this attorney pursuant to his notification of the Sheriff of Jefferson Parish that the property had been redeemed by the Welsch heirs and his request that future tax bills be sent to his office. A carbon copy of this letter is introduced in evidence.
There is nothing in the record to indicate a tax bill was mailed for 1957 taxes. On May 23, 1958, a duplicate tax bill was sent to Leopold Welsch, Canal Street Subd., Metairie, La. It was sent registered mail and returned to the sheriff’s office with the notation that the addressee was “Unknown”. At this time, he had been dead for twenty years and the letter was sent to a highly populated area where it is impossible to conceive of a post office of *344 ficial or mailman personally knowing the addressee. Under these circumstances, we view this form of notice as tantamount to no notice at all.
Under our jurisprudence, the sheriff has the obligation to attempt to locate the tax debtor if the notice is returned. LSA-R.S. 47:2180; Standard Homes, Inc. v. Prestridge, 193 So.2d 100 (La.App. 2nd Cir. 1966) and cases cited therein.
The proper person to notify could have been ascertained by checking the duplicates of the 1956 tax bills to learn where the bill had been sent the previous year.
However, even in view of all this, the provisions of LSA-Const. Art. 10, § 11, nevertheless, provide once five years passes from date of recordation, non-notification to the tax debtor is not a ground for annulling the sale.
The Court in Doll v. Montgomery, 58 So.2d 573, 576 (Orl.App.1952) stated:
“Notwithstanding that a tax sale is a nullity for failure of notice of delinquency, its illegality may be cured by the prescription of three (now five) years. Const.1921, Art. 10, § 11; Progressive Realty Co., Inc. v. Levenberg, 177 La. 749, 149 So. 444; Board of Commissioners for Atchafalaya Basin Levee District v. Sperling, La.App., 8 So.2d 380.
“Unless and until the illegality resulting from failure to give the notice is cured by the five years prescription, the sale remains a nullity and the owner may bring proceedings to annul the sale. As a corollary, it must be true that he may enjoin the sale before it takes place.”
While plaintiff argues that a tax sale without any notice having been given is a violation of procedural due process, the Supreme Court has failed to treat no notice as an exception to the peremption rule. Esso Standard Oil Company v. Jordan, supra. See also: Staring v. Grace, supra.
It is, therefore, well settled in our jurisprudence that any irregularities in failing to give tax debtors notice of delinquency is cured by the five-year peremptive period for annulling tax sales. Esso Standard Oil Company v. Jordan, supra; Staring v. Grace, supra; Thompson v. Walker, supra; Blythe v. Zor, Inc., supra.

Defective Description and No Assessment

The position appellant takes is that a debtor may set aside a tax sale after the lapse of five years of registration of the tax date when there has been (1) a prior payment of taxes; (2) continued physical possession by the tax debtor; or (3) there has been no assessment. Jackson v. Hanna, 206 So.2d 779 (La.App. 2nd Cir. 1968) and the cases cited therein. Appellant argues there was lack of assessment herein because the description of the property was fatally defective.[3] In this connection, appellant relies on Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (1953); Choate v. O’Brien, 163 So.2d 157 (La.App. 4th Cir. 1964); Parquet v. Parquet, 141 So.2d 444 (La.App. 4th Cir. 1962); Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952).
In Parquet, supra, cited by appellant, the description of the property for both the assessment and tax sale described only one tract of land, when, in fact, there were two tracts. The sheriff’s tax deed under which plaintiff claimed title to the two tracts was *345 for only one tract, under one assessment, and was merely described as: “A tract 14 arpent front by 40 deep — house, 19 acres.”
In Quatre, supra, cited by appellant, the tax deed under which the purchaser claimed title actually described a tract of land different from that intended to be conveyed.
Moreover, in the Knapp case, supra, the Supreme Court stated at page 778 of 68 So.2d:
“In the jurisprudence of this state it is well settled and established that, where a tax sale is made under an assessment in the name of the owner and an error is made in the description of the land intended to be assessed, the tax sale under such assessment is valid if, notwithstanding the error in description, the land can be reasonably identified by the assessment or description as found in the tax deed, or if the description therein furnishes the means for such identification. Further, if a description of the property intended to be assessed or sold is so indefinite and uncertain as to be defective, resort may be had to evidence outside the assessment roll or tax deed to identify the property, provided such evidence establishes unmistakably the identity of the property. The cases generally hinge on the point as to whether the description is such as to enable interested persons to identify the property. Tillery v. Fuller, 190 La. 586, 182 So. 683, and the numerous authorities therein cited; Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A.L.R. 566; Yuges Realty, Ltd., v. Jefferson Parish Developers, Inc., 205 La. 1033, 18 So.2d 607.” (emphasis ours)
Further, this Court in Choate, supra, 163 So.2d at page 160 commented:
“Insofar as it has application to this case, the lack of an assessment, which is a cause for setting aside a tax sale despite the accrual of the five year per-emptive period, has reference only to the situation where the property was not sufficiently described to identify it. Mansfield Hardwood Lumber Company v. Butler, supra [234 La. 322, 99 So.2d 129]; Weber’s Heirs v. Martinez, 125 La. 663, 51 So. 679; Scott v. Parry, 108 La. 11, 32 So. 188.”
Clearly, our courts have established the rule that in a tax sale where the description of the property sold under an assessment in the name of the owner, although imperfect, is reasonably sufficient to identify the property, the five-year per-emptive provision is applicable and the tax sale cannot be set aside because of “no assessment.” Thompson v. Bradley, 142 So.2d 540 (La.App. 4th Cir. 1962); Yuges Realty v. Jefferson Parish Developers, Inc., 205 La. 1033, 18 So.2d 607 (1944).
It is significant in both the Thompson and Yuges Realty cases, for purposes of prescription under the Constitution, art. 10, § 11, it is immaterial whether assessment was made in the name of the true owner, another, or in no name at all.
The record in this case reflects that the property was assessed and sold in the name of Leopold Welsch. The advertisement for the tax sale described the property with the exception that only the word “subdivision” was omitted after the words “Canal Street”. The trial judge in written reasons stated:
“The property was adequately described and assessed in the name of the record owner”.
We concur with this conclusion. Therefore, plaintiff cannot rely on want of assessment because of a defective description as a basis for annulling the tax sale.
While the effect of the five-year per-emptive period may seem harsh, we are cognizant of the need to quiet titles in order to encourage the merchantability of property.
*346 Perhaps there should be a reassessment or a re-evaluation of this principle. However, we are constrained to arrive at the conclusion reached in view of the jurisprudence as we view it.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.

. The applicable portion of Article 10, § 11 reads:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of tlie taxes for which the property was sold prior to tlie date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, nor any suit which may be brought within a period of twelve months from the date of the adoption of this Constitution, in which any tax sale is sought to be annulled for any of said causes. * * * ”

. The main defect complained of in the description advertised was omission of the word “Subdivision” after Canal Street.

. The property was described in the tax deed as follows and could reasonably have been identified by this description: “Thirteen certain lots of ground situated in the Parish of Jefferson, in that part known as Canal St., said lots are designated by the Nos. 23-24-25-26-27-28-29-30-31-32-33-34-35 in Square 12 and measures according to original deed recorded in the Clerk of Court’s Office